# Malloy et al. *versus* The Commonwealth ex rel. Reinhard.

|  |  |
|---|---|
| 115 | 25 |
| 117 | 235 |
| 115 | 25 |
| 127 | 112 |
| 127 | 113 |

1. The Act of May 10th, 1871, P. L. 705, a local Act incorporating a borough, under which tax collectors are appointed by the borough councils, is not repealed by the general Act of June 25th, 1885, P. L. 187, providing for the appointment of a tax collector to fill a vacancy by the court of Quarter Session of the Peace, for while as to general statutes, a later statute may repeal a former statute without express language to that effect, by necessary implication, a general statute rarely if ever repeals a local statute by mere implication.

|  |  |
|---|---|
| 115 | 25 |
| 150 | 159 |
| 115 | 25 |
| 149 | 344 |
| 152 | 238 |
| 115 | 25 |
| 164 | 261 |
| 115 | 25 |
| 21 SC | 422 |

2. A local statute enacted for a particular municipality, for reasons satisfactory to the legislature, is intended to be exceptional and for the benefits of such municipality, it is against reason to suppose that the legislature in framing a general system for the state intended to repeal a special or local Act which the local circumstances made necessary. The legislature, not the courts, judge of the necessity.

|  |  |
|---|---|
| 115 | 25 |
| 25 SC | 273 |
| 25 SC | 275 |
| 25 SC | 291 |
| 115 | 25 |
| f 210 | 36 |
| 210 | 39 |

November 12th, 1886. Before GORDON, PAXSON, TRUNKEY, GREEN and CLARK, JJ. MERCUR, C. J., and STERRETT, J., absent.

ERROR to the Court of Common Pleas No. 2, of *Allegheny county:* Of October Term, 1886, No. 232.

[Malloy *v.* Reinhard.]

This was a petition in the name of the Commonwealth *ex rel.* Charles Reinhard, setting forth *inter alia* that he had been duly appointed by the Court of Quarter Sessions of the Peace of Allegheny county, collector of taxes for the borough of Verona under the Act of June 29th, 1885, P. L. 187, to fill a vacancy in said office. That he qualified and entered upon the duties of said office; but that Michael Malloy Burgess of the borough of Verona and Samuel L. Barndollar, Charles Durning, John Cowan, P. L. Bannan, John P. Shoud, R. H. Kelley, Jr., and H. Dubarry, councilmen of said borough, and James Marshall of said borough refused to deliver the tax duplicates to him for the collection of the borough taxes as by law they were required to do.

The Court directed a writ of alternative mandamus to issue. It was issued as directed. On the return day of the writ the respondents filed an answer denying the legal right of the said Reinhard to receive from them the tax duplicates for borough taxes averring further, *inter alia*, as follows:

They aver that Section 13, of said Act of 25th June, 1885, provides *inter alia*, " but this Act shall not apply to any taxes, the collection of which is regulated by a local law," and they aver that under the charter of the said defendant borough, which is made part of this answer, and the Act of incorporation of the borough of Birmingham, to-wit, "An Act entitled a further supplement to an Act entitled 'An Act to erect Norristown, in Montgomery county, into a borough, and for other purposes,'" approved            1826, and the various supplements thereto to-wit: an Act approved 21st April, 1841, P. L. page 244, and the Act of 29th March, 1861, P. L., 224, and the other Acts of Assembly which are supplements to the said Act of incorporation of the borough of Birmingham, and which under the provisions of the said Act of 10th May, 1871, are part of the charter of the borough of Verona, defendant, all of which said Acts of Assembly are hereby made part of this answer, and which are local laws within the meaning of said Act of Assembly, a system is provided for the collection of taxes levied by the Town Council of said borough of Verona, which is complete in itself, and is much more advantageous to the taxpayers of said borough, and under which the taxes so assessed can be collected more quickly and at less expense than under the said Act of 25th June, 1885. That by virtue of the power vested in them under the said charter of defendant borough, and the Acts of Assembly herein above referred to, which are applicable to the borough of Verona, and in accordance with the mode heretofore pursued therein, they passed a resolution directing said tax duplicate to be turned over to the treasurer thereof, by whom notice should

[Malloy v. Reinhard.]

be given by mail or otherwise to each taxpayer of tne said borough of the receipt thereof.

After argument the court directed a mandamus to issue, filing the following opinion :

The Act of 25th June, 1885, P. L. 187, providing for the election, by the qualified voters of each borough and township, of a collector of taxes, says : " this Act shall not apply to any taxes, the collection of which is regulated by local law." Sec. 13.

It is a general Act, applying to all boroughs and townships in the state, with no exception or qualification but the clause just quoted. It applies to boroughs, no matter when or how incorporated. The fact that the borough of Verona is not incorporated under the general Act of 1851, but by a special Act in 1871, does not, therefore, determine this case.

The phraseology of the excepting clause, " any taxes the collection of which is regulated by local law," seems to refer to the mode of collection, rather than the collector; to some special mode of collection, regulated by local law; either a special person to collect, or some special regulations as to time or place of payments, or special regulations for deductions, additions, &c.

In none of these respects is the collection of borough taxes in Verona different from that in boroughs incorporated under the Borough Act of 1851. Under the special Act incorporating Verona, the Borough Council elect a collector, define his duties, and fix his compensation ; and the Burgess issues his warrant authorizing him to collect. Under the Borough Act of 1st April, 1834, Sec. 8, (which was still in force for this purpose,) the council of all boroughs elected a collector annually ; under the 15th section, they had power to fix the compensation; under Sec. 6, of the Act of April, 1851, the Burgess issued his warrant to the collector. Nor were there any special regulations in its charter, or by subsequent enactments, as to the time or mode of payment of borough taxe in Verona.

The Act of 12th April, 1881, Purd. Dig., vol. 1, page 211, regulating the mode of collecting borough taxes, providing for deductions for prompt payment, &c., applied to all boroughs in the state, and had the same provisos as the Act of 25th June, 1885 : " Provided, that this Act shall not apply to any taxes the collection of which is regulated by a local law." Evidently that proviso was intended to save only the local acts of any borough which covered the same subject; where the borough had a special law as to the mode of collection, times of payment, deductions, &c.

[Malloy *v.* Reinhard.]

If this language exempts Verona from the Act of 1885, it excludes Verona from the benefits of the Act of 1881.

The collector and the mode of collecting borough taxes in Verona, were precisely the same as in other boroughs. In no respect were her borough taxes "regulated by local law."

We have nothing to do with the wisdom or propriety of the Act of 1885. It is the general law of the state, and it is our duty to enforce it.

And now, Sept. 14th, 1886, this cause having come on for hearing, was fully argued by counsel; whereupon the court, after due and mature consideration therein had, (for that it appears that the said return by the defendants, made to the alternative writ is altogether insufficient,) do order and adjudge that judgment be entered for the Commonwealth, and the defendants, Michael Malloy, Burgess, Samuel L. Barndollar, Charles Durning, John Cowan, P. L. Bannen, John P. Stroud, R. H. Kelley, Jr., and H. Dubarry, councilmen, and James Marshall, treasurer of the Borough of Verona, and their successors in office, be, and they are hereby commanded forthwith, to permit Charles Reinhard, collector of taxes, to have the tax duplicate of said Borough of Verona, for the fiscal year ending the first Monday of March, A. D. 1887, being for the taxes assessed by Ordinance passed the 29th day of March, A. D. 1886, in said alternative writ mentioned, and it is further ordered that the defendants pay costs.

The defendants thereupon took this writ assigning for error the judgment of the court awarding the peremptory mandamus.

*J. P. Hunter*, for plaintiffs in error.—The Act of 25th June, 1885, is in conflict with Article III., Sec. 7, of the Constitution, which provides, "The General Assembly shall not pass any local or special law . . . . . regulaiing the affairs of counties, cities, townships, wards, boroughs, or school districts, . . . . . creating offices, or prescribing the powers and duties of officers in counties, cities, boroughs, townships, election, or school districts:" Davis *v.* Clark, 10 Out., 684.

An Act to be general, must include all who come within its purpose and scope: Snowden's Appeal, 10 Norris, 424; Morrison *v.* Bachert, 2 Amerman, 328.

Nor can it be sustained under the legislative power of classification. There are two kinds of taxes recognized:—1st. Those levied in the borough, etc., the collection of which is regulated by a *general law*. 2nd. Those, the collection of which is regulated by a *local law*.

There is no attempt made to legislate for the latter, but only for the former; that regulated by a local law is absolutely

and permanently excluded from the Act, and being in conflict with the constitution, because it is a local law, it is void and no effect can be given to any part of it: Davis v. Clark, *supra*.

The Act of 25th June, 1885, is entitled, " An Act regulating the collection of taxes in the several boroughs and townships of this Commonwealth," evidently meaning all the boroughs, etc., while the Act only provides for part of them, and is therefore in violation of Art. III., Sec. 3, of the Constitution, that " no bill shall be passed except appropriation bills containing more than one subject, which shall be clearly expressed in the title." It is conceded that if the provisions of the Act are germane to the title, it is sufficient; but it is contended that, as the provisions of the Act extend only to some of the boroughs, the title is misleading and the Act is void: Donnelly's Appeal, 22 P. F. S., 192; Union Pass. R. R. Co.'s Appeal, 32 Id., 91.

It is unconstitutional therefore, because it is a local Act, 1st. Regulating the affairs of boroughs, etc. 2d. Creating an office, and prescribing the powers and duties of a borough officer. 3d. Because the title to it is misleading.

In a case reported since the printing of this paper book, viz., Appeal of the city of Scranton School District, 18 W. N. C., 261, this court held that the Act of 18th March, 1875, P. L. 15, which was an Act relating to the levying and collection of taxes, was unconstitutional; and reaffirming Davis v. Clark, *supra*, (GREEN, J.) say " All our recent decisions are to the effect that, if local results either are or may be produced by a piece of legislation, it offends against the Constitution and is void."

The borough of Verona is not subject either to the Act of April 1st, 1834, P. L. 163, nor to the general borough Act of 1857.

Neither does the general borough Act of 1851, apply to defendant borough: Commonwealth v. Montrose, 52 Pa. St., 391; Borough of Verona's Appeal, 32 P. L. J., 251; Dillon Mun. Corp., § 54.

The Relator does not possess an adverse, specific legal right, because the local Acts above referred to are not repealed by the Act of 25th June, 1885. All Acts of Assembly are not repealed, but only " general" Acts, and repeals by implication are not favored. Special laws, conferring particular rights upon municipal corporations, are not repealed by subsequent statutes general in their character: Dillon Mun. Corp., § 54.

In short, the Act is only intended to and does supersede

[Malloy *v.* Reinhard.]

those *general Acts* regulating the collection of taxes, and does not supersede any local or special Acts.

Although a mandamus is a demandable writ of common right, yet it will be granted only in extraordinary cases, and where there would be a failure of justice. The applicant must establish a specific legal right as well as the want of a specific legal remedy: James *v.* Commonwealth, 13 Pa. St., 75; High Ex. Rem., §§ 450–507.

*Arch. H. Rowand, Jr.*, for defendant in error.—The Act of 25th of June, 1885, (P. L. 187,) regulates the collection of taxes in the boroughs and townships of the Commonwealth. It provides for the election of an officer to be styled " Collector of Taxes," and the Court of Quarter Sessions shall have power to fill, by appointment, all vacancies in said office.

The excepting clause in said Act has reference to the mode of collection and not to the manner of appointing collectors.

The Act cannot, in any proper sense, be called a local Act. By legislation prior to the Constitution of 1874, the modes for the collection of borough taxes were two, viz.: special and general. In passing the Act in question, the legislature simply adopted a general system without interfering with certain special Acts already in existence. It cannot be contended with any show of reason that if the legislature thought proper to act it was bound either to repeal the special Acts and then pass a general statute, or to extend their provisions to all boroughs.

Mr. Justice TRUNKEY delivered the opinion of the court January 3d, 1887.

The borough of Verona was incorporated by the Act of May 10th, 1871. All the provisions of the Act incorporating the borough of Birmingham, and its supplements, so far as applicable and consistent with the Act of 1871, are extended to the borough of Verona. One of these, sect. 4, Act 1861, P. L. 224, authorizes the council to appoint a tax-collector to serve for the term of one year, to fix his compensation, to limit and define his duties and qualifications; and makes said office accountable to the council for the discharge of his duties, and liable to removal by a vote of two-thirds of the members of council. Another, sect. 4, Act of 1847, P. L. 267, provides that borough taxes may be sued for and recovered by the borough, in like manner as debts of the same amount.

None of the provisions of the general statutes providing for the incorporation of boroughs by the courts, is extended to the borough of Verona by the Act of its incorporation.

The general statute of 1885, P. L. 187, regulating the col-

[Malloy v. Reinhard.]

lection of taxes in the several boroughs and townships, empowers the court of Quarter Sessions to fill, by appointment, vacancies in the office of collector of taxes. And it provides that, "So much of all general Acts heretofore passed, as is inconsistent herewith, is hereby repealed, but this Act shall not apply to any taxes, the collection of which is regulated by a local law."

On its face, it is obvious that the repeal of any local law is not within the intendment of the Act of 1885. The Act of incorporation of the borough of Verona is a local law, and it contains provisions for the appointment of a tax-collector, and for collection of taxes. In express terms, general Acts, so far as inconsistent with the Act of 1885, are repealed; the implication is that local Acts are not repealed. That the Act of 1885 shall not apply to any taxes the collection of which is regulated by a local law, is also expressed, and the plain meaning is, that it does not apply where a local law provides for the collection of taxes.

While a later statute may repeal a former statute, without express language to that effect, by necessary implication, yet the leaning of the courts is strongly against such construction : Sifred v. Commonwealth, 15 W. N. C. 373. That is the rule as to general statutes. A local statute enacted for a particular municipality, for reasons satisfactory to the legislature, is intended to be exceptional and for the benefit of such municipality. It has been said that it is against reason to suppose that the legislature, in framing a general system for the state, intended to repeal a special Act which the local circumstances made necessary: Brown v. Commissioners, 21 Pa. St., 37. The legislature, not the courts, judge of the necessity. Rarely, if ever, does a case arise where it can justly be held that a general statute repeals a local statute, by mere implication. The Constitution of 1874, upon many subjects, prohibits local or special legislation, but it changes no rule relative to the repeal, by legislation, of local laws existing when it was adopted. Had section 13 of the Act of 1885 been omitted, there would have been no repeal of the local statutes for the borough of Verona,

> Judgment reversed, writ set aside and petition dismissed. The petitioner, Charles Reinhard, to pay the costs. Record remitted.