## J. F. EVANS v. J. H. PHILLIPI.

ERROR TO THE COURT OF COMMON PLEAS OF LANCASTER COUNTY.

Argued May 18, 1887—Decided October 17, 1887.

1. The constitution in its prohibitions of special legislation, is prospective only, and does not effect a repeal of local statutes with inconsistent provisions in force at the time of its adoption; nor was its intent and meaning that all future legislation should be conditioned on the repeal of such local laws.

2. A statute, general in form, is not to be treated as local or special, simply because of the intervention of some unrepealed local statute, which prevents it from having general effect.

3. The act of April 21, 1869, P. L. 87, relating to the collection of school tax, is a local statute, inasmuch as its application is limited to such school districts within certain cities and counties as may accept its provisions.

4. The concluding clause of § 13, act of June 25, 1885, P. L. 187, regulating the collection of taxes in boroughs and townships, does not convert that statute into a local or special enactment obnoxious to section 7, article III., or to section 1, article IX., of the constitution; said act is therefore constitutional.

Before MERCUR, C. J., GORDON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.; PAXSON, J., absent.

No. 303 January Term 1887, Sup. Ct.; court below, Trust Book, No. 11, p. 193.

This was a proceeding for a mandamus on the petition of John F. Evans against J. H. Phillipi, president, et alios, officers and members of the board of school directors of Warwick township.

The petition set forth in substance that the petitioner, on the third Tuesday of February, 1886, had been duly elected collector of taxes for the said township for one year beginning April 5, 1886, under the act of June 25, 1885, P. L. 187, had filed an approved bond and had been duly qualified; that the said board of school directors had levied and assessed a school tax for said township for the year 1886 but had refused to

issue the duplicate for the collection thereof to the petitioner; praying for a mandamus upon the said board of school directors commanding them to issue the said duplicate to the petitioner with their warrant to collect the said school taxes in accordance with the said act of assembly.

The board of directors in their answer to the rule to show cause, etc., admitted the election of the petitioner as tax collector, his due qualification, and that they had refused to issue the duplicate to him, as set out in his petition, but averred: That no tax collector could be elected for Warwick township as the taxes of said township had been collected under the provisions of the special and local act of April 12, 1852, P. L. 327, extended to said township by the act of February 9, 1853, P. L. 57; that they were not required to deliver the tax duplicate to the petitioner, as the said board some three years before by a resolution duly passed had authorized the collection of the school tax in the manner provided by the act of April 21, 1869, P. L. 87, and said taxes had since then been collected in the manner so provided; that the said act of June 25, 1885, had no application to the collection of the school tax in said township, and moreover was unconstitutional.

To this answer the plaintiff demurred, that the answer was not sufficient and after argument, the court, J. B. LIVINGSTON, P. J., filed the following opinion and decree:

On December 20, 1886, the petitioner filed a demurrer to the answer of the respondents. The respondents having, as shown by their answer, by resolution of the board adopted the provisions of the act of April 21, 1869, for the collection of school tax in Warwick township, repealed the special local acts of 1852 and 1853 to which they refer as relating to the collection of school tax in said township; an examination of the case as presented, shows that under our rulings heretofore, in cases of this character, we shall be obliged to make this rule absolute, provided, on investigation we find the act of June 25, 1885, "regulating the collection of taxes in the several boroughs and townships of this commonwealth" to be constitutional. The question of its constitutionality is now for the first time raised in this court, and as here presented, it does not appear to have been passed upon by the Supreme Court of the state. Is the act of June 25, 1885, P. L. 187, entitled

"An act regulating the collection of taxes in the several boroughs and townships of this commonwealth" constitutional or unconstitutional and therefore void?

Nothing but a clear violation of the constitution, a clear usurpation of the powers prohibited, will justify the courts in pronouncing an act of the legislature unconstitutional and void: Speer v. The School Directors, 50 Pa. 150; Hilbish v. Catherman, 64 Pa. 154; Penn. R. Co. v. Riblet, 66 Pa. 164; Commonwealth v. Butler, 11 W. N. 241.

All the presumptions are in favor of the constitutionality of an act of assembly: Craig v. First P. Church, 88 Pa. 42. Our constitution is a limitation, and not a grant of power. The legislature possesses all powers inherent in legislative bodies unless expressly prohibited; and the prohibition must be so clear as to preclude all doubt: Kilgore v. Magee, 85 Pa. 410; Lehman v. McBride, 15 Ohio 602; Dyson v. Bradshaw, 23 Cal. 531. It results from the very nature of the case, therefore, that when the question properly arises and a statute is found by the courts to be unconstitutional, they must declare it void: Powell v. Commonwealth, 19 W. N. 25.

And the constitutionality of an act may be considered and determined in any of the numerous modes by which legal questions are brought before a court: Philadelphia v. Pepper, 2 Pa. C. C. R. 287. It is the duty of courts to enforce the constitution as they find it. Attempts in covert modes to defeat its plain provisions must be set aside, with the same certainty as when the methods are open. Even if the intention be innocent, and yet the legislation comes within the constitutional prohibition, it must not be tolerated: Wheeler v. Philadelphia, 77 Pa. 350; Montgomery v. Commonwealth, 91 Pa. 125.

Article III., sec. 7, of the constitution of Pennsylvania of 1873 among other things declares that "The General Assembly shall not pass any local or special law regulating the affairs of counties, cities, townships, wards, boroughs or school districts, . . . . . regulating the management of public schools, the building or repairing of school houses and the raising money for such purposes, . . . . . creating offices, or prescribing the powers and duties of officers in counties, cities, boroughs, townships, election or school districts. . . . . . Nor shall the Gen-

eral Assembly indirectly enact such special or local law by the partial repeal of a general law."

Article IX., section 1, of the constitution, "Taxation and Finance," declares inter alia, that "all taxes shall be uniform, upon the same class of subjects, within the territorial limits of the authority levying the tax, and shall be levied and collected under general laws."

The Supreme Court has decided that article III., section 7, of the constitution prohibiting local or special legislation, does not prevent classification of municipal corporations with reference to taxation, and the act of May 23, 1874, classifying cities according to their population, is constitutional; that a statute relating to persons or things as a class is a general law; that the legislature has the power to classify cities according to the number of their population, and the fact that some of the classes contain each but one city does not make the classification invalid, or bring it within the constitutional prohibition of section 7, article III., of the constitution, which forbids local or special legislation: Wheeler v. Philadelphia, 77 Pa. 338; Kilgore v. Magee, 85 Pa. 401. It has also decided that such classification is sustained only on the ground that it is absolutely necessary: Wheeler v. Philadelphia, supra; Kilgore v. Magee, supra; Commonwealth v. Patton, 88 Pa. 258; Montgomery v. Commonwealth, supra; Scowden's Appeal, 96 Pa. 422; Davis v. Clark, 106 Pa. 377. But in the case before us, there has been no classification. No classification of school districts has yet been attempted. They all stand on the same elevation, and until they are classified, any act affecting them must affect all or none: Commonwealth v. Patton, supra; Scowden's Appeal, supra; Davis v. Clark, supra; McCarthy v. Commonwealth, 1 Cent. R., 111.

The general rule is that the rights of persons and property must be secured by general laws, which must be uniform and in force everywhere throughout the commonwealth: Scranton School District v. Lackawanna I. & C. Co., 4 Cent. R., 311; Philadelphia v. Pepper, 2 Pa. C. C. R. 287. Laws are general, where every person who is brought within the relations and circumstances provided for is affected by the law: Scranton School District v. Lackawanna I. & C. Co. supra; People v. Wright, 70 Ill. 388; Williams v. Rhodes, 81 Ill. 585. Pub-

lic acts relate to the public at large : Dwarr. Stat. 464; 1 Kent 460. A general or public act is an universal rule that regards the whole community, and of this the courts of law are bound to take notice judicially and ex officio : Bl. Com. 85.

In Davis v. Clark, supra, the Supreme Court, in reference to the act then before it, say : "It was not then a general act, applicable to every part of the commonwealth. It did not apply to a great number of counties; but there is no dividing line between a local and a general statute. It must be either the one or the other. If it applies to the whole state, it is general; if to a part only, it is local. As a legal principle, it is as effectually local, when it applies to sixty-five counties out of the sixty-seven, as if it applied to one county only. The exclusion of a single county from the operation of the act, makes it local:" Scranton v. Silkman, 4 Cent. R. 319, 320. His excellency, Governor Pattison, in speaking of local legislation with unerring exactitude, declares that the prohibition of section 7 of article III., of the constitution of Pennsylvania, against the passage of local or special laws regulating the affairs of counties, cities, wards, boroughs or school districts, is absolute : Scranton School District v. Lackawanna I. & C. Co., 4 Cent. R. 311, note.

The prohibition against local or special laws upon this subject, includes the command that, whenever laws relating thereto are passed, they must be general in their application. Anything which defeats or limits their general application is obnoxious to the prohibition. If certain counties or cities cannot be specially legislated for by name, they cannot be legislated for by including them in an exception to a general law. The inhibition is against passing laws which will operate upon them alone, to the exclusion of others in the same general category. If local results are or may be produced by a piece of legislation, it offends against this provision of the constitution and is therefore void : Scranton School Dist. App., 4 Cent. R. 314; McCall's Appeal, 86 Pa. 258; Scowden's Appeal, supra; Davis v. Clark, supra; McCarthy v. Commonwealth, 16 W. N. 497. In Commonwealth v. Carey, 2 Pa. C. C. R. 293, it was held that the proviso to the act excepting "counties containing a city co-extensive with a county," renders the act local, and, the matter or subject being within the inhibition

of article III., section 7, of the constitution of 1873, the act of 1883, P. L. 99, is unconstitutional and void.

Under the authority of Scranton v. Silkman, 4 Cent. R. 317, it is questionable if the provisions and exceptions to be found in many acts of assembly in Pennsylvania, and among them this act of June 25, 1885, relating to the collection of taxes, saving, as they do, special laws, do not offend against the constitution. In State v. Board of License, 4 Cent. R. 83, where the constitution declared that "the legislature shall not pass private, local, or special laws in any of the following enumerated cases, that is to say, . . . . . regulating the internal affairs of towns and counties; appointing officers or commissioners to regulate municipal affairs; . . . . . the legislature shall pass general laws providing for the cases enumerated in this paragraph," etc., etc. The act of assembly in this case provided that it shall be lawful for any city in the state containing more than 15,000 inhabitants to provide by ordinance for a department to be called the license and excise department. It also contained a proviso that the provisions of this act shall not apply to any city in which the granting of such license is now vested in a board of excise, or excise commissioners, or in any city where the Court of Common Pleas now grants license. REED, J., in delivering the opinion of the Supreme Court, says: "This legislation is, in my judgment, clearly special."

Section 13 of the act of June 25, 1885, P. L. 189, declares that so much of all general acts heretofore passed, as is inconsistent herewith, is hereby repealed; "but this act shall not apply to any taxes, the collection of which is regulated by a local law." A reference to "The Common School Laws of Pennsylvania and Decisions of the Superintendent," revised and arranged by J. P. Wickersham, LL.D., in 1879, he being then superintendent of public instruction, shows that at that time there were in Pennsylvania twenty-six special local acts of assembly relating to the collection of school taxes alone, some embracing a whole county, others one or more districts in a county. In our own county, in twenty-one districts, the school tax was then collected by local special laws. Some of those local acts may have been repealed, but many yet remain and are included in the excepting clause of the act. In addi-

tion to this we now find the county commissioners of Lancaster county applying to the legislature of Pennsylvania for the repeal of twelve local or special acts of assembly, relative to the collection of taxes in certain districts in this county. . . . . . How many such local or special acts there are in other counties in this state, we have made no effort to ascertain; but be there few or many they are all embraced in the exception, and the act of 1885 does not apply to them.

There can be no sound reason advanced or suggested why one county in the state, or a few townships or school districts in a county, should, by reason of local or special legislation, have a different mode of selecting tax collectors and collecting taxes from the other counties in the state, or districts in the same county. The act of June 25, 1885, by indirection legislates specially for each of the districts governed by these certain special local laws, as clearly as if a separate act had been passed for or applying to each, and this makes it a local law, and not a general law. Indeed, it does not claim to be a general law. It does not by its terms extend to and embrace all the school districts or townships in the state, with reference to the collection of taxes. It is a local special act, and to sustain it would, in our judgment, open the gates to local legislation on any of the numerous subjects expressly forbidden by the articles and sections of the constitution cited, and enable the legislature to do by indirection that which the constitution expressly forbids it to do directly. Of this act it may be said, as was said by Mr. Justice PAXSON, in Scowden's Appeal, supra, "This act is an attempt to evade the constitution," which declares that all taxes shall be levied and collected under general laws. "It is special legislation under the attempted disguise of a general law. Of all forms of legislation this is the most vicious." If, then, laws are only general where every person who is brought within the relations and circumstances provided for is affected by the law; if those laws only are general which apply to every part of the commonwealth which is not affected by constitutional or legal classification; if there be no dividing line between a local and a general statute; if, when a statute applies to the whole state, it is general, and when only to a part of the state, or, if when local results either are or may be produced by it, it is local and offends

against those provisions of the constitution; if the exclusion of a single county of the sixty-seven from its operation makes an act local, a fortiori, the exclusion of a number of special and particular school districts, or tax collection districts, or townships, in each or many of the counties in the state, which is done by the act of 1885, makes it local: See Scowden's Appeal, 96 Pa. 424; Morrison v. Bachert, 112 Pa. 328; Davis v. Clark, supra; and Appeal of the City of Scranton School District, supra.

Having, therefore, as we believe, ascertained this act of June 25, 1885, to be a local and not a general act, and the subject matter within the inhibition of article III., section 7, and article IX., section 1, of the constitution of 1873, we are of opinion that the act of June 25, 1885, P. L. 187, entitled "An act regulating the collection of taxes in the several boroughs and townships of this commonwealth," is unconstitutional and void. We, therefore, enter judgment for the respondents on the demurrer, and finding their answer sufficient, we discharge the rule to show cause why a writ of alternative mandamus should not issue, the costs of the proceedings to be paid by the petitioner.

Rule discharged.

The petitioner then took this writ assigning that the court erred, in not making absolute the rule to show cause, etc., in declaring the act of June 25, 1885, unconstitutional, and in entering judgment for the respondents on the demurrer.

*Mr. E. K. Martin,* for the plaintiff in error:

1. By the resolution of the school board adopted three years before these proceedings were instituted, the acts of April 12, 1852, P. L. 327, and February 9, 1853, P. L. 57, were annulled so far as Warwick township was concerned, and the method of collecting taxes under the act of April 21, 1869, P. L. 87, was adopted. This act of 1869 is a general law, and is squarely repealed by the first clause of § 13 of the act of June 25, 1885, P. L. 187. It can only be declared a local law under Davis v. Clark, 106 Pa. 377; but in Indiana County v. Agricultural Society, 85 Pa. 360, this court, referring to section 7, article IX., of the constitution, said: "This section deals only with legislative power, which is thereby limited and restricted. It de-

clares what it shall do.   It annulled nothing that the legislature had done.   It struck down no law.   Its prohibitions were wholly prospective."   If this is true of section 7 of article IX., it is equally true of section 7 of article III.

2.  The act of 1885, claimed by us to repeal the act of 1869, is not unconstitutional.   The last clause of section 13, of the act of 1885, upon which the court below based the argument against its constitutionality, is simply surplusage.   In Malloy v. Rinehard, 115 Pa. 25, s. c. 6 Cent. R. 127, Mr. Justice TRUNKEY said : " Had section 13 of the act of 1885 been omitted, there would have been no repeal of the local statutes for the borough of Verona."   That being so, the section might as well be read with the last clause stricken out, and this reading would repeal the act of 1869, and give the petitioner his tax duplicate and warrant.

*Mr. Marriott Brosius,* for the defendants in error :

1.  The proviso to § 4, act of April 29, 1869, P. L. 87, shows that its provisions are applicable to but about two thirds of the counties of the state.   This makes it local : Davis v. Clark, 106 Pa. 377 ; Scranton Sch. District's App., 113 Pa. 176, s. c. 4 Cent. R. 311 ; Commonwealth v. Patton, 88 Pa. 258 ; Scowden's App., 96 Pa. 422 ; McCarty v. Commonwealth, 16 W. N. 497 ; Philadelphia v. Pepper, 2 Pa. C. C. R. 287 ; Commonwealth v. Carey, 2 Pa. C. C. R. 293 ; State v. Board of License of Trenton, 4 Cent. R. 83.   The act of June 25, 1885, P. L. 187, does not repeal a local law : Malloy v. Rinehard, 115 Pa. 25 ; s. c. 6 Cent. R. 127.   And what was a local law prior to the constitution of 1874 is a local law yet.

2.  The court below, regarding the act of 1885 unconstitutional, found no occasion to consider the foregoing point of our contention.   To sustain the position as to the unconstitutionality of that act we rely upon the well considered opinion of Judge LIVINGSTON in this case.

OPINION, MR. JUSTICE CLARK :

The plaintiff in error was, on the 16th February, 1886, elected tax collector of the township of Warwick, in Lancaster county, under the provisions of the act of 25th June, 1885, entitled " an act regulating the collection of taxes in the sev-

eral boroughs and townships of this commonwealth;" he gave
bond which was approved, and now claims to perform the
functions of that office.    The defendants were the school
directors of the same township for the same year, and although
as such directors they levied a school tax for the year 1886,
they refused to issue their warrant to the plaintiff authorizing
him to collect the same, but delivered a certified duplicate of
the assessment and levy to one E. R. Shirk, the treasurer of
the school board, pursuant to the act of 21st April, 1869, P.
L. 87, under the provisions of which the board had for several
years previously, by resolution, authorized the collection of
the school taxes of the said district.    This proceeding by
mandamus was thereupon instituted, to enforce compliance
with the provisions of the act 1885.

It is contended on part of the defendants, that the act of
25th June, 1885, is in conflict with sec. 7 of art. III. of the con-
stitution of the commonwealth, prohibiting local and special
legislation; that there were at the time of the passage of that
act, and still are, local and special acts in force in various
parts of the state, relating to the collection of school taxes,
some of them relating especially to Warwick township; and
that the concluding clause of the last section of the act of
1885, which provides that "this act shall not apply to any
taxes the collection of which is regulated by a local law,"
necessarily gives to the statute a limited and local effect only.

But if this clause of the last section of the act of 1885 had
been omitted, the force and effect of the statute would cer-
tainly have been the same.    A local enactment, as a general
rule, is not repealed by a general statute.    "Rarely if ever,"
says our brother TRUNKEY in Malloy v. Reinhard, 115 Pa.
25, "does a case arise when it can justly be held, that a gen-
eral statute repeals a local statute by mere implication.    The
constitution of 1874 upon many subjects prohibits local or
special legislation, but it changes no rules relative to the repeal
by legislation of local laws existing when it was adopted."
The clause which we have quoted from the act of 1885, there-
fore, does not change the effect of that statute in the slightest
degree ; for, as we have said, the force of its provisions would
have been precisely the same if it had been omitted.

The single question then is whether or not a statute,

although general in form, is to be treated as a local one simply because of the intervention of some local statute unrepealed, which prevents it from taking general effect. There is an obvious distinction between a statute which upon its face is local and special, and one which although general in form is thus obstructed in its application; in the one case, the local law cannot become general, except by a re-enactment in general form; whilst, in the other, by the repeal of the local law the special subject affected by it is brought under the general law, the operation of which was previously obstructed. Thus the act of 21st April, 1869, could be extended to the whole state only by the re-enactment thereof as a general law, but the act of 25th June, 1885, upon the repeal of the local statutes obstructing its operation, would ipso facto take effect throughout the state. The latter is therefore in this modified sense a general law; it was passed for the whole state and may, upon certain contingencies, become applicable and operative throughout the state without change or amendment thereof.

Prior to 1874 the legislature, in its wisdom, by special laws settled the practice of the courts in specified parts of the state; prescribed the form and requirements of affidavits of defence in actions at law; established methods of procedure in the laying out and opening of public and private roads in certain counties, etc.; these, and many other enactments of a similar character, which in the mind of the legislature were by local circumstances made necessary, are still upon our statute books, have been for many years received and acquiesced in by the profession and the people, and their repeal is neither sought for nor suspected. Can it be, that no general statute can be constitutionally enacted upon any one of the various subjects embraced in this great body of private legislation, without an express repeal of every local provision which may be construed to prevent its general application? Peculiar and special provisions, too, have been made from time to time by local statutes, prior to the constitution of 1874, for the regulation or prohibition of the sale of intoxicating liquors in many of the townships, boroughs and counties of the commonwealth, which provisions still remain unrepealed and are admittedly in full force; can it be, that the legislature has no constitutional

power to frame a general law regulating the liquor traffic in the state without repealing all these local provisions? Has any one ever supposed that the general liquor law of 12th April, 1875, was upon this ground an invalid enactment, and is the more recent act of May 13, 1887, popularly known as the high license law, to be set aside as unconstitutional and void upon similar grounds?

The prohibitions of the constitution in respect of special legislation are prospective only. That instrument did not repeal local statutes whose provisions were inconsistent therewith, in force at the time of its adoption: Indiana Co. v. Agricultural Soc., 85 Pa. 359; it merely imposed restrictions on future legislation: Coatsville Gas Co. v. Chester Co., 97 Pa. 476. Nor was it the intent and meaning of the convention that all future legislation was conditioned upon the repeal of these local laws; no such thing can be found in the work of the convention; such has not been the understanding of the profession throughout the state.

All of these local statutes were in conformity with the constitution when enacted, and they are valid until they are repealed; and we think that the legislature, in order to give efficiency to a general law, is not bound to repeal any and all of them which may be supposed to limit its application. We are of opinion, for the reasons we have expressed, that the act of June 25, 1885, must be regarded as a general law applying to the whole state, excepting in so far as its operation is obstructed by existing local statutes passed prior to the new constitution, upon the repeal of which it will take effect throughout the state.

Nor is the act of 1885 obnoxious to clause 27, sec. 7, art. III., or to sec. 1, art. IX., of the constitution. What we have already said is sufficient to show why no such conflict exists. We hold the act of 1885 to be a general law. It is a general law relating to the collection of taxes in the boroughs and townships of the state; boroughs and townships are created by general laws, and are the proper subjects of appropriate, independent, general legislation as such; and the act establishes a general system peculiarly adapted to the convenience and necessities of the municipal divisions named.

But that the act of 1869 is a local statute admits of no doubt

whatever; it expressly provides that none of its provisions shall apply to the cities of Pittsburgh or Allegheny, or to the counties of Cumberland, York, Franklin, Adams, etc. About one third of the whole state is permanently excluded from the operation of the act. Nor does it apply to all of the school districts within the territory which it does embrace, but to such only of them as, by resolution of the board of school directors therein, may authorize the collection of the school tax in the manner therein provided. It is thus limited to the districts that may formally accept its provisions, and, according to the doctrine of Scranton City's App., 113 Pa. 176, it must be regarded as a local law. A law is said to be local and special, however, not because of the new constitution, or of any decision under it, but because it falls within the proper definition of a local law both before and since 1874.

The act of 1885 has therefore no application to the collection of school taxes in Warwick township for the year 1886; the provisions of the act of 1885 are express to this effect; it would have had no application to that township if in the act it had not been so expressed; the taxes were collectible under the act of 1869, which was a local law unrepealed and in full force.

The judgment is affirmed.