## Levi Bitting et al., School Board, etc., Plffs. in Err., *v.* Commonwealth of Pennsylvania ex rel. Daniel J. Snyder.

The act of June 25, 1885, regulating the collection of taxes is a general law and is in all respects applicable in the absence of local laws to all portions of the state, and is not rendered local and obnoxious to the Constitution by the fact that various local laws passed prior to 1874 are not only not repealed by it, but are expressly saved from repeal.

(Argued April 28, 1887. Decided October 17, 1887.)

January Term, 1887, No. 82, E. D., before MERCUR, Ch. J., GORDON, TRUNKEY, GREEN, and CLARK, JJ. Error to the Common Pleas of Montgomery County to review a judgment awarding a writ of peremptory mandamus. Affirmed.

The following facts were agreed upon:

First, that said Pennsburg Independent School District was duly erected and established by law;

Second, that said school board, Levi Bitting, president; Samuel Summers, secretary; Charles Bitting, treasurer; Herman Hillegass, Jacob Sechler, and George S. Trumbore, defendants, are the duly elected and qualified school directors of said Independent School District;

Third, that said relator, Daniel J. Snyder, is the duly elected and qualified constable of the township of Upper Hanover aforesaid;

Fourth, that said relator was duly voted for and elected by the

NOTE.—The question involved in this case was fully discussed in Evans v. Phillipi, 117 Pa. 226, 2 Am. St. Rep. 655, 11 Atl. 630.

qualified electors of Upper Hanover township aforesaid, at the spring election held in and for said township on the third Tuesday of February last, as collector of taxes of said township, as provided by law, and was as such duly returned to the court of quarter sessions of said county;

Fifth, that said relator on the 4th day of March, A. D. 1886, took and subscribed an oath of office and filed the same in said court of quarter sessions, and on the same day entered into bonds to the commonwealth in double the probable amount of taxes that will come into his hands, with sufficient sureties approved by said court, and filed the same in the office of the clerk of said court (copies of said oath and bond being hereunto annexed);

Sixth, that said oath and bonds were filed and kept by said clerk in his office with the oaths and bonds of all the other collectors of taxes elected and returned in said county, all being tied together in a separate and exclusive package or file marked on the face "Collectors' Bonds and Oaths of Office for year 1886," which bundle or file is herewith exhibited;

Seventh, that said school board has not issued after legal demand its duplicate of taxes assessed to said relator with its warrants attached directing and authorizing him to collect the same;

Eighth, that the qualified electors of said Independent School District voted for and elected as collector of taxes, in and for said district, one Richard Gilbert, who was duly returned as such to said court of quarter sessions;

Ninth, that said Richard Gilbert did not take and subscribe an oath of office nor enter into bond, and file the same as required by law;

Tenth, that the school tax in said independent district, for the current year, remains uncollected.

*J. Wright Apple* and *George N. Corson* for plaintiffs in error.

*Wm. F. Dannehower* for defendant in error.

OPINION BY MR. JUSTICE CLARK:

Upon the statement of facts which has been agreed upon, this case must be affirmed. The only question to be determined is the constitutionality of the act of June 25, 1885, entitled "An Act Regulating the Collection of Taxes in the Several Boroughs and Townships of the Commonwealth."

We have fully considered that question in the case of Evans v. Phillipi, 117 Pa. 226, 2 Am. St. Rep. 655, 11 Atl. 630, brought here on a writ of error from Lancaster county, the opinion in which case we have just filed.

Judgment is affirmed.