## ROAD IN CHELTENHAM TOWNSHIP.

### APPEAL BY G. D. HEIST FROM THE COURT OF QUARTER SESSIONS OF MONTGOMERY COUNTY.

Argued February 2, 1891—Decided February 16, 1891.

The provision of the act of May 8, 1889, P. L. 129, (fixing the number of road and bridge viewers,) that " this act shall not apply to counties having local acts inconsistent herewith," does not render the act unconstitutional, as violative of § 7, article III., of the constitution.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 378 January Term 1890, Sup. Ct.; court below, number and term not given.

On September 3, 1889, upon the petition of citizens of Cheltenham township, three persons were appointed viewers to lay out a public road. The report of the viewers in favor of opening the road was filed on October 12, 1889, confirmed nisi, and the width thereof fixed. On December 2d, Geo. D. Heist filed exceptions, inter alia, as follows:

3. The act of assembly under which the court appointed but three viewers is unconstitutional, inasmuch as it offends against § 7, article III., of the constitution of Pennsylvania. The court, therefore, did not possess jurisdiction to appoint three viewers to view said proposed road.

After argument, the exceptions were dismissed and the report of the viewers confirmed, when the exceptant took this appeal, assigning the dismissal of the foregoing exception for error.

*Mr. B. E. Chain*, for the appellant.

Counsel cited: Evans v. Phillipi, 117 Pa. 226; McCarthy v. Commonwealth, 110 Pa. 243; Scranton School D.'s App., 113 Pa. 176; Malloy v. Commonwealth, 115 Pa. 25.

*Mr. Chas. Hunsicker*, for the appellees, was not heard.

PER CURIAM:

The single assignment of error presents the question of the constitutionality of the act of May 8, 1889, P. L. 129. The said act is as follows:

"Section 1. That in all proceedings to lay out or vacate a public or private road, or to assess damages as provided by law, to fix the site of a county bridge and to accept the same when repaired or completed according to existing laws, the viewers, reviewers, etc., shall consist of three fair, judicious, and impartial persons, one of whom shall be a surveyor, to be appointed as now provided by law.

"This act shall not apply to counties having local acts inconsistent herewith."

The supposed vice of the act consists in the last paragraph, which declares that it shall not apply to counties having local acts inconsistent therewith. From this it was argued the law was local, and therefore unconstitutional. We regard the language referred to as merely intended to preserve the local laws in force at the time of its passage. As they drop out by their repeal from time to time, the act of 1889 will take their place: Evans v. Phillipi, 117 Pa. 226. Such counties will not then have a local law inconsistent with said act. Any other construction would prevent the legislature from passing any general law, without at the same time repealing in terms every local law in conflict with it. The proceedings are

Affirmed.