## Commonwealth ex rel. Klugh *v.* Lyter et al., Appellants.

*Constitutional law—Taxation—Uniformity of laws—Local and special legislation—Act of June 25, 1885.*

The act of June 25, 1885, P. L. 187, entitled, "An act relating to the collection of taxes in the several boroughs and townships of this commonwealth," does not violate article 3, § 7, of the constitution, relating to local and special legislation, or article 9, § 1, requiring uniformity in the levy and collection of taxes. Evans v. Phillipi, 117 Pa. 226, and Bennett v. Hunt, 148 Pa. 257, applied.

*Mandamus—Tax collector—Public officers.*

Mandamus is the proper remedy on the part of a person elected collector of taxes under the act of June 25, 1885, P. L. 187, to compel the county commissioners to deliver to him the tax duplicates which they withhold from him on the ground that the act is unconstitutional, and that they had appointed another person as collector under the former legislation on the subject.

Argued April 12, 1894. Appeal, No. 4, May T., 1894, by defendants, Isaac Lyter et al., Commissioners of Dauphin County, from order of C. P. Dauphin Co., Sept. T., 1893, No. 224, awarding writ of peremptory mandamus in favor of plaintiff, Commonwealth ex rel. J. F. Klugh. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition for mandamus to compel issue of tax duplicates.

The case was heard on petition and answer. The court awarded a peremptory mandamus in the following opinion by McPHERSON, J.:

" In February last the relator was elected collector of taxes for Lower Swatara township, under the provisions of the act of 1885, P. L. 187. Having duly qualified as required by the statute, he demanded from the commissioners the duplicate of county and state taxes for the current year, but was met by a refusal on the ground that the act was unconstitutional so far as these particular taxes were concerned, and that the commissioners had accordingly appointed another person (Aaron Neebling) as collector under the former legislation on this subject. Thereupon he presented the petition now before us; and to this form of remedy two preliminary objections are urged which may require a few words.

" The first objection is, that his remedy is by directly contesting the title of the person appointed by the commissioners, in order that Neebling may be made a party to the proceeding and may defend his own interest. No statute was pointed out to us which provides any method of contesting Neebling's title by direct attack, and we do not know how else it could be more properly assailed than by this proceeding. His title comes from the commissioners and does not rise higher than its source. They are defending his right to collect when they defend their own right to appoint, and he must stand or fall with them.

There is no analogy between the case before us and the case of two persons, each of whom claims to have been elected by the same electors at the same election to the same office, to which the present situation was likened at the argument. This is a conflict between two independent titles to the same office, one derived from an election, the other derived from an appointment; and for the decision of such a controversy we are not aware that any statutory machinery has been specially provided, or indeed that any is needed.

" The second objection is that the remedy by injunction ought to have been chosen, and that by this means the commissioners could have been restrained from delivering the duplicate to any other person than the relator. No doubt an injunction would be effective within its own limits, but it is not an adequate remedy. If the relator is the lawful collector, he has a clear right, not only to prevent the delivery of the duplicate to any other person, but to compel its delivery to himself; and for this purpose no other writ is so appropriate as the writ of mandamus.

" Coming, then, to the principal question in the case, namely, the constitutionality of the act of 1885, so far as concerns the collection of county and state taxes, we may briefly observe, without discussing the cases, that various opinions have been expressed by the lower courts upon various aspects of this statute. See Com. v. Scheckler, 1 Pa. C. C. 505; Com. v. Bitting, 2 Id. 298; Keim v. Devitt, 3 Id. 250; Hannick's Bond, 3 Id. 254; Com. v. Lack. Co. Comrs., 7 Id. 173; Com. v. Swab, 8 Id. 111; and Evans v. Witmer, 4 Lanc. L. R. 105. The decision in Evans v. Phillipi, 117 Pa. 226, has not been regarded as settling anything beyond the precise point there raised, although the language used by Mr. Justice CLARK, on p. 237, is so wide that it may be easily construed to declare deliberately the constitutionality of the statute as to the collection of all taxes in boroughs and townships, and not merely as to the collection of the school tax which alone was then in question. His words are these: ' We are of opinion, for the reasons we have expressed, that the act of June 25, 1885, must be regarded as a general law applying to the whole state, excepting in so far as its operation is obstructed by existing local statutes passed prior to the new constitution, upon the repeal of which it will take effect throughout the state.

COM. ex rel. *v.* LYTER et al., Appellants.

" 'Nor is the act of 1885 obnoxious to clause 27, sec. 7, art. 3, or to sec. 1, art. 9, of the constitution. What we have already said is sufficient to show why no such conflict exists. We hold the act of 1885 to be a general law. It is a general law relating to the collection of taxes in boroughs and townships of the state; boroughs and townships are created by general laws, and the proper subjects of appropriate, independent, general legislation as such; and the act establishes a general system peculiarly adapted to the convenience and necessities of the municipal divisions named.'

"Nevertheless, if there had been no later action by the Supreme Court than this, we would simply follow the decision of our own court in Com. v. Swab, supra, and would hold the act to be unconstitutional so far as the collection of county and state taxes is concerned. Since the case of Com. v. Swab, however, Bennett v. Hunt, 148 Pa. 257, has been decided and reported, and we regard that decision as implying strongly that the collection of county taxes is constitutionally embraced by the act. It is true that the appeal was from a decree dissolving a preliminary injunction, and therefore that no opinion was given upon the merits; but as the constitutionality of the act was distinctly questioned and distinctly affirmed in the court below, and as this question could not be affected by any facts which might appear in the further conduct of the case, it seems to us that the Supreme Court would not have permitted the tax to be collected if they had been satisfied that in this respect the act was void."

*Errors assigned* were in deciding (1) that mandamus would lie; (2) that the act was constitutional; (3) the decree, quoting it.

*Albert Millar* and *S. J. M. McCarrell,* for appellants.—Mandamus is not the proper remedy: Hefner v. Com., 28 Pa. 113; Com. v. Supervisors, 29 Pa. 121; Com. v. Canal Com., 2 Whart. 286; Com. v. Comrs., 6 Whart. 476; King v. Mayor, 2 T. R. 259; Rex v. Ward, 2 Stra. 894; King v. Harris, 3 Burr. 1422, 1423; Rex v. Bankes, 3 Burr. 1454; Com. v. Perkins, 7 Pa. 42.

The act of 1885 is unconstitutional: Bennett v. Hunt, 148 Pa. 257; Com. v. Sheckler, 1 Pa. C. C. R. 505; Com. v. Bit-

ting, 2 Pa. C. C. R. 298; Keim v. Devitt, 3 Pa. C. C. R. 250; Hannick's Bond, 3 Pa. C. C. R. 254; Com. v. Lackawanna Co. Com'rs, 7 Pa. C. C. R. 173; Com. v. Swab, 8 Pa. C. C. R. 111; Evans v. Witmer, 4 Lanc. L. R. 105; Ruth's Ap., 10 W. N. 498; Evans v. Phillipi, 117 Pa. 226; Com. v. Com'rs, 1 S. & R. 382; Fritz v. Ry., 155 Pa. 472.

*Lyman D. Gilbert, Edgar L. King* and *John H. Weiss* with him, for appellee.—The act of June 25, 1885, is constitutional so far as it relates to the collection of state and county taxes in the township of Swatara : Evans v. Phillipi, 117 Pa. 226; Bennett v. Hunt, 148 Pa. 257; Monongahela Navigation Co. v. Coons, 6 W. & S. 114; Howard Assn.'s Ap., 70 Pa. 344; Blood v. Marcelliott, 53 Pa. 391 ; Church Street, 54 Pa. 353 ; Com. v. Green, 58 Pa. 226; Allegheny Co. Home's Ap., 77 Pa. 77; State Line & Juniata R. R. Co.'s Ap., 77 Pa. 429; Mauch Chunk v. McGee, 81 Pa. 433 ; Esling's Ap., 89 Pa. 205; Taggart v. Com., 102 Pa. 354; Fredericks v. Pa. Canal Co., 109 Pa. 50; Carothers' Ap., 118 Pa. 468; Com. v. Sellers, 130 Pa. 32; Com. v. Canal Co., 123 Pa. 595.

The action of mandamus was the appropriate remedy to compel appellants to issue the duplicate of taxes: Com. v. Cochran, 1 S. & R. 472; Com. v. Com'rs, 32 Pa. 218; Porter v. Overseers Jersey Shore, 82 Pa. 275; Com. v. Councils of Pittsburg, 34 Pa. 496; Dechert v. Com., 113 Pa. 229; Com. v. Com'rs, 6 Whart. 476; Com. v. Co. Com'rs, 5 Rawle, 75; Com. v. Perkins, 7 Pa. 42; Appeal of Town Council et al., 15 Atl. R. 730; James v. Com'rs, 13 Pa. 72; Heffner v. Com., 28 Pa. 108.

OPINION BY MR. JUSTICE FELL, May 23, 1894:

Two questions arise in this case, one as to the right of the relator and the other as to his remedy. The first depends upon the constitutionality of the Act of Assembly of June 25, 1885, P. L. 187, entitled "An act relating to the collection of taxes in the several boroughs and townships of this commonwealth," so far as it provides for the collection of state and county taxes. The question of the constitutionality of this act was first raised in the case of Evans v. Phillipi, 117 Pa. 226, and it was there held that it was not in violation of the constitution as a local and special enactment obnoxious to sec. 7, art. 3, or in conflict

with sec. 1, art. 9, requiring uniformity in the levy and collection of taxes. The opinion in that case is broader than the question involved; but the precise question here raised was considered in Bennett v. Hunt, 148 Pa. 257, and the constitutionality of the act of 1885 was distinctly affirmed.

The remaining question is as to the remedy by mandamus. The relator was duly elected a collector of taxes. He has been denied by the county commissioners the tax duplicates, without which he cannot perform his duties. His purpose is to require their delivery to him. He has no issue with any one claiming title to the office by election or appointment, but with the defendants alone, and as to whether as public officers they shall do a purely ministerial act. For this the writ of mandamus is the proper remedy.

The judgment is affirmed.