## Ephraim Buckwalter, Appellant, *v.* The County of Lancaster.

*Tax collectors—Election thereof—Statutes construed.*

The Act of June 6, 1893, P. L. 333, repeals the local Acts of April 10, 1848, P. L. 443, and March 29, 1851, P. L. 284, so far as those acts related to the appointment of tax collectors, and tax collectors in the townships named in those local statutes are elected by popular vote, as in other portions of the state.

*Compensation of tax collectors—Repeal of local statutes obstructing operation of act of 1885.*

A general law, upon repeal of local laws obstructing its operation, ipso facto, takes effect throughout the whole state; upon repeal therefore of local laws by the Act of June 6, 1893, P. L. 333, the act regulating the compensation of tax collectors elected in townships referred to is the Act of June 25, 1885, P. L. 187.

Argued Nov. 16, 1899. Appeal, No. 195, Oct. T., 1899, by plaintiff, from judgment of C. P. Lancaster Co., Oct. T., 1898, No. 8, in favor of plaintiff on case stated. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Reversed. Opinion by RICE, P. J.

Case stated. Before BRUBAKER, J.

It appears from the case stated that plaintiff was elected collector of the township of Manheim on the third Tuesday of February, 1894, for a term of three years under the Act of June 6, 1893, P. L. 333, and served as tax collector for the said term, and was duly re-elected on the third Tuesday of February, 1897, for a term of three years, and entered upon his duties and gave bond, and served as collector from that time to the present.

In 1897 the assessor of said township, under the act of 1851, advertised for bids for the collection of the taxes of said township, and the said Ephraim Buckwalter filed a bid with the said assessor, which was duly returned to the county commissioners of the said county of Lancaster as the said lowest bid for the collection of taxes for the said year, the said bid being the sum of $48.75.

Under the act of 1885 the said Ephraim Buckwalter would have been entitled to the sum of $206.62 for the collection of said taxes for the said year 1897.

If the court be of opinion that the said Ephraim Buckwalter, the plaintiff, is entitled to be paid for the collection of said taxes for the year 1897 under the act of 1885, then judgment to be entered for the plaintiff for the sum of $206.62. But if the court shall be of opinion that the said Ephraim Buckwalter is only entitled to the amount of his bid, and is to be paid under the act of 1851, then judgment to be entered in his favor for the amount of $48.75, the costs to follow the judgment, and either party reserving the right to sue out an appeal to the Superior Court.

The court entered judgment in favor of plaintiff and against defendant for $48.75. Plaintiff appealed.

*Errors assigned* were (1) in holding that the act of 1893 "merely extends the term of office to three years, leaving the payment of services of the collector in Manheim township, in our opinion, under the provisions of the 7th section of the Special Act of April 10, 1848, P. L. 445, which was extended by the local act of 1851 to said township." (2) In not holding that the act of 1893 repealed the local acts of 1848 and 1851. (3) In holding that the act of 1893 did not affect the compensation of the collector. (4) In entering judgment for plaintiff for $48.75. (5) In not entering judgment for the plaintiff for $206.62.

*W. U. Hensel*, for appellant.—We are of the opinion that the question arising on this appeal has been already decided by the Supreme Court of the state, as well as by the court of common pleas of Lancaster county, from which this appeal comes, albeit the judgment in the present case was entered by a different

member of that court from the judgment to which we refer, namely, Baer v. Commissioners, 14 Lanc. Law Rev. 273.

We hardly think it admits of doubt that, if a local statute is repealed by a general statute, no fragment of the former can remain to obstruct or defeat the operations of the latter. The Act of April 10, 1848, P. L. 443, sec. 7, was undoubtedly a local act for certain townships, inter alia, in Lancaster county. The Act of March 29, 1851, P. L. 284, extended this to Manheim township. Up to the passage of the act of 1885, therefore, this act was undoubtedly in force for and in the township of Manheim. Then came the Act of June 25, 1885, P. L. 187, which regulated the collection of taxes in the several boroughs and townships of this commonwealth, and declared that thereafter the collector of taxes should be elected by the qualified electors " of each borough and township in this commonwealth; " but, in section 13, it expressly excepted from its application " any taxes the collection of which is regulated by a local law : " Evans v. Phillipi, 117 Pa. 226. Its 2d section repeals all other acts inconsistent with it in these sweeping terms : " All acts, or parts of acts, inconsistent herewith, are hereby repealed," and this clause was " so full and so strong as to remove all doubts with reference to the question here present : " Commonwealth v. Macferron, Treas. Allegheny County, 152 Pa. 244; Quinn v. Cumberland County, 162 Pa. 55 ; Commonwealth v. Middletown Borough, 3 Pa. Dist. Rep. 639.

The general act of June 6, 1893, authorizing the election of tax collectors for a term of three years, repeals a local act, which authorizes a borough council annually to appoint a tax collector : Huntingdon Borough, 3 Pa. Dist. Rep. 435.

In Commonwealth v. Wunch, 167 Pa. 186, it is held that " the Act of June 6, 1893, P. L. 333, entitled ' An act to authorize the election of tax collectors for the term of three years in the several boroughs and townships in this commonwealth,' repeals the local Act of March 18, 1852, P. L. 153, relating to the collection of taxes in the townships of Longswamp and Bethel, in Berks county."

And in a per curiam, the Supreme Court says that " since the adoption of the present constitution, the legislature has sought to bring about uniformity in the administration of the affairs of the counties and townships, as well as those of cities

and boroughs. The constitution requires this, and we have felt constrained to interpret statutes relating to these subjects in the light of constitutional requirements. This case is fairly ruled by Commonwealth v. Macferron, 152 Pa. 244, and by Quinn v. Cumberland County, 162 Pa. 55. We have no intention to depart from the rule laid down in these cases."

To the same effect were In re Twenty-second St., Phila., 102 Pa. 108, In re East Grant St., 121 Pa. 596, Com. v. Weir, 165 Pa. 284, and Com. v. Schneipp, 166 Pa. 407.

From all of which it is clear that the act of 1851 was repealed by the act of 1893, and, after the passage of the last named act, the taxes of Manheim township were to be collected, their collector chosen and paid for under general laws. If this is correct, then the collector should be paid according to the act of June 25, 1885, and, in that case, judgment should have been entered on the case stated for $206.62.

*C. Reese Eaby*, with him *A. B. Hassler*, for appellee.—The acts of 1848 and 1851 are certainly not repealed by the act of June 25, 1885, for the Supreme Court ruling in Mallory v. Reinhard, 115 Pa. 29, which turned upon the construction of the act of 1885, in passing upon section 13, the repealing clause excepting local laws held " that the repeal of any local law is not within the intendment of the act of 1885," and said " that even had such repealing clause been omitted that local statutes would not have been affected."

If the act of 1885 does not repeal the acts of 1848 and 1851 by the saving clause of section 13, therefore the collector would be entitled to compensation under those acts, unless they are repealed by the act of 1893, and if they are repealed by the act of 1893, the collector would be entitled to no compensation whatever, unless he would be entitled to compensation under the act of 1885, as argued in this case.

The act of 1893 being silent as to the compensation to be received by the collector of taxes, the compensation of a tax collector provided for in the act of 1885, can under no circumstances be made to apply to the collector of taxes in Manheim township, for the act expressly excepts Manheim township from its provisions being governed by a local law which is excepted, and the act of 1885 does not repeal the acts of 1848 and 1851.

It is, therefore, conclusively held that the act of June 25, 1885, entitled " An act regulating the collection of taxes in the several boroughs and townships of this commonwealth " did not repeal the special act of 1848 as applicable to Manheim township. It expressly excepts from its provisions "taxes, the collection of which is regulated by a local law."

The act of 1893 provides that " all acts or parts of acts inconsistent herewith are hereby repealed."

The only provision of the act of 1848 applying to Manheim township, which is inconsistent with the act of 1893, is as to the manner of appointing a tax collector. Under act of 1848 county commissioners appoint. Under act of 1893 people elect. Under act of 1848 compensation is fixed by county commissioners. Under act of 1893 none is provided for. The act of 1848 gives the school board several hundred dollars. The act of 1893 is silent on the subject.

"Courts cannot supply legislative defects and omissions although by reason of such the statute becomes in whole or in part practically uninforceable and inoperative : " Endlich on Interpretation of Statutes, sec. 22; Chaffee's Appeal, 56 Mich. 244.

Nor is the title of the act of June 6, 1893, broad enough, either to permit compensation to be fixed in the act, or deprive the school board of Manheim township of the amount to which they are entitled.

OPINION BY RICE P. J., January 17, 1900:

It was conceded by the learned judge of the court below and by the counsel for the defendant, that the act of 1893 repealed the local acts of 1848 and 1851, so far as those acts related to the appointment of tax collectors, and that now tax collectors in the townships named in those local acts are to be elected by popular vote as in other portions of the state. The case of Com. v. Wunch, 167 Pa. 186, is directly on the point and renders any further discussion of it unnecessary. Under the act of 1848 it was the duty of the county commissioners to appoint the person " offering to perform said duties for the lowest sum," and this was the measure of his compensation. The difference between that sum and " the amount of collector's fees now authorized by law " went into the common school fund of

the township.   When the power of the county commissioners to appoint was taken away, the duty and authority to receive bids necessarily went with it, and, consequently, the mode of fixing the compensation prescribed by the local act.   The regularly elected collector is not required to put in a bid in order to obtain the duplicate; if he does so it is purely gratuitous, and no other person can obtain the duplicate by offering to perform the duties for a less sum.   The proposition that whilst the act of 1893 repealed the local act, so far as it related to the appointment of the officer, but left it in force, so far as his compensation is concerned, cannot be sustained.   It cannot be, that his compensation is regulated by that act, now that the whole system by which it could be ascertained has been swept away.

What follows?   Either that the collector is entitled to no compensation whatever, or that it is regulated by the act of 1885.   It is not supposable that the former result was contemplated by the legislature, but if through inadvertence they failed to provide against its happening, it is not the province of the courts to supply defects and omissions in the legislation.   We do not think, however, that we are driven to the alternative of holding that the repeal of the local law left the collectors in these townships without the right to compensation.   The act of 1885 has been decided to be a general law, and therefore constitutional, notwithstanding the proviso "that this act shall not apply to any taxes, the collection of which is regulated by local law:" Malloy v. Reinhard, 115 Pa. 25; Evans v. Phillipi, 117 Pa. 226; Bennett v. Hunt, 148 Pa. 257; Com. v. Lyter, 162 Pa. 50; Swatara School District's App., 1 Pa. Superior Ct. 502.   It would have been very difficult to sustain this conclusion if the proviso had been construed, as contended for here, to permanently exclude localities having special laws, from its operation until express affirmative legislation was had bringing them within it.   This was not the purpose of the legislature in excepting these localities from the operation of the law.   Their object was to avoid any doubt as to their intention to leave intact these local laws: Com. v. Sellers, 130 Pa. 32.   This was allowable because the constitutional provision against local or special legislation does not make it mandatory on the legislature to repeal every local law in exist-

ence at the adoption of the constitution, when enacting a general law upon the subject.    As the cases above cited, and many others that might be cited, abundantly show, the doctrine previously held concerning the implied repeal of local laws by a subsequent general law, is still maintained, although perhaps not so unqualifiedly as before the adoption of the constitution.    These decisions were put on the ground that the proviso was in reality superfluous.    For, said Mr. Justice TRUNKEY in the first cited case: " Had section 13 of the act 1885 been omitted there would have been no repeal of the local statutes for the borough of Verona." When the question came up the second time in Evans v. Phillipi, supra, this point was more fully discussed by Mr. Justice CLARK, and we cannot do better than to quote his language: " There is an obvious distinction between a statute which upon its face is local and special, and one which though general in form is thus obstructed in its application ; in the one case, the local law cannot become general, except by re-enactment in general form ; whilst, in the other, by the repeal of the local law, the special subject affected by it is brought under the general law, the operation of which was previously obstructed. Thus the act of April 21, 1869, could be extended to the whole state only by the re-enactment thereof as a general law, but the act of June 25, 1885, upon the repeal of the local statutes obstructing its operation, would, ipso facto, take effect throughout the state.    The latter is therefore in this modified sense a general law ; it was passed for the whole state, and may, upon certain contingencies, become applicable and operative, throughout the state, without change or amendment thereof."    The same principle was recognized in Road in Cheltenham Township, 140 Pa. 136, and many other cases that might be cited.    See Sanderson's Validity of Statutes, 111–116.    Applying this principle here, we conclude that upon the repeal of the local laws in question by the act of 1893, the law regulating compensation of tax collectors elected in the townships referred to is the act of 1885.

The judgment is reversed, and in accordance with the stipulation of the case stated, it is ordered and directed that judgment be entered for the plaintiff for the sum of $206.62, with costs.