## Black, Appellant, v. Boyd.

*Taxation—Sale—Injunction.*

An injunction will not be awarded to restrain the sale of personal property by a tax collector in Delaware county, where the bill avers that a portion of the land assessed was not the property of plaintiff's intestate; that plaintiff was willing to work out the road tax, but was not permitted to do so; that part of the tax has been paid; that the property levied upon is the personal property of plaintiff, and not the property of the estate of which plaintiff is administratrix; and that the land is of sufficient value to pay the taxes.

Argued Feb. 7, 1893.   Appeal, No. 472, Jan. T., 1893, by plaintiff, Mary M. Black, administratrix of Edgar N. Black, deceased, from decree of C. P. Delaware Co., June T., 1892, No. 2, dissolving injunction against Wm. Boyd, tax collector.   Before Paxson, C. J., Sterrett, McCollum, Mitchell and Dean, JJ.

Bill in equity to restrain tax sale.

The bill averred: " That the said Edgar N. Black was a resident in Tinicum township, Delaware county, Pa.; he there died intestate April 15, 1891, leaving to survive him your orator, who was his wife, and four children; on April 25, 1891, letters of administration upon his estate were granted to your orator in Delaware county.

" That the said Edgar N. Black, deceased, left real estate, and the said taxes had been improperly and illegally assessed by the said defendant against the estate of Edgar N. Black, deceased, as two hundred and thirty acres of the said assessed land did not belong to the said Edgar N. Black, deceased, but one hundred and fifteen acres of the said assessed land belongs to the estate of Charles N. Black, deceased, whose executrix is Mary K. L. Black of the city and state of New York; and one hundred and fifteen acres of the said assessed land belongs to Emily Black, of Jobstown, Burlington county, of the state of New Jersey.

" That the said defendant has levied upon the personal property of your orator, and advertised the same for public sale on March 17, 1892.   That your orator has offered and is willing

to work out the road tax as she is entitled to by law, but the said defendant will not give her a chance. That your orator has paid seventy-five dollars on account of the said taxes. That your orator had no knowledge of, and no notice of, until towards the end of the year 1891, of the said taxes. That the said personal property levied upon does not belong to the estate of Edgar N. Black, deceased, but is the individual property of your orator. That the land is of sufficient value to pay all the taxes of the said property when properly and legally assessed. That your orator has not yet filed an account as administratrix of the estate of Edgar N. Black, deceased."

The bill prayed for an injunction to restrain defendant from collecting the tax or selling plaintiff's property.

John S. Miller, a supervisor, filed an affidavit in which he averred that he gave plaintiff notice to work out her tax, but that she had declined to do so.

A preliminary injunction was granted and afterwards dissolved by the court, HEMPHILL, J., of the 15th judicial district, specially presiding.

*Error assigned* was decree dissolving injunction.

*Francis Tracy Tobin, William W. Ker* with him, for appellant.—The law directs the tax collector to levy for taxes not paid, but such levy must be made on the property of the person owing the taxes. The tax collector levied on the personal and private property of Mary M. Black, who did not owe the taxes, and was not responsible for the same. There is sufficient property of the estate of Edgar N. Black, deceased, to pay the taxes, when properly assessed.

*Edward H. Hall* and *Isaac Johnson*, for appellee, not heard.—Assessment of real estate for taxation is made every three years under provisions of act of April 15, 1834, Purd. 1582, pl. 2, and act of April 22, 1846, Purd. 1583, pl. 4. The triennial assessment was made in the latter part of the year 1888, which forms the basis of taxation for the years 1889, 1890 and 1891. On this assessment plaintiff's decedent paid for the years 1889 and 1890. This assessment remains until a new one is made in the latter part of 1891. The law provides for notice and an

appeal, but unless there was an appeal from the assessment made in 1888 there could be no change made : James v. Com'rs, 13 Pa. 72.

The allegation is made that two hundred and thirty acres of the land assessed did not belong to Edgar N. Black, and plaintiff seeks to have the assessment revised through the medium of a bill in equity and an injunction. If the valuation was the same as it had been, Mr. Black had notice and could not have had it revised. If the sale of two hundred and thirty acres was after the assessment for 1891 the taxes cannot be apportioned: Shaw v. Quinn, 12 S. & R. 299. Taxes in Delaware county are collected under the special act of April 1, 1873, P. L. 511, § 5, which provides as follows : " That it shall be the duty of each and every collector, or supervisor, or officer authorized to collect the taxes, rates and levies aforesaid, mentioned in the first section of this act, to collect the same from any personal property that may be on the real estate, and property on which the said taxes, rates and levies shall have as aforesaid imposed or assessed," etc. This law provides that the taxes shall be a lien for one year, and this court decided in Anspach and Stanton's Ap., 112 Pa. 28, that the lien is lost unless a formal lien is entered in the prothonotary's office. As no lien can be entered while there is personal property on the premises out of which the taxes can be made, it becomes the duty of the collector to proceed by levy and sale. There is no question raised as to defendant being without authority, or that he is not the proper officer, nor is it alleged that defendant was endeavoring to collect the tax without allowing credit for the $75, nor that he was exercising the power of his office in an oppressive manner.

It will not do to permit the collection of taxes to be interfered with by such process, unless in the clearest cases of want of jurisdiction in the assessing and collecting officers: Hughes v. Kline, 30 Pa. 227. See also Clinton School District's Ap., 56 Pa. 315; Van Nort's Ap., 121 Pa. 129.

PER CURIAM, February 20, 1893 :

This was an appeal from the decree of the court below dissolving a preliminary injunction.

The decree is affirmed, and the appeal dismissed at the costs of the appellant.