SUSMAN v. BOARD OF PUBLIC EDUCATION OF CITY OF PITTSBURGH.

(District Court, W. D. Pennsylvania. November 5, 1915.)

No. 9.

1. CONSTITUTIONAL LAW ⬠⬩68—JUDICIAL POWERS—REPUBLICAN FORM OF GOVERNMENT.

An act of a state Legislature cannot be held invalid by the courts on the ground that the state has not a republican form of government as guaranteed by article 4, § 4, of the federal Constitution; that being a matter as to which the decision of Congress is conclusive.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 125–127; Dec. Dig. ⬠⬩68.]

⬠⬩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. CONSTITUTIONAL LAW ☞284—DUE PROCESS OF LAW—TAXATION—PENN-
SYLVANIA SCHOOL CODE.
    School Code Pa. Act May 18, 1911 (P. L. 309), in authorizing the levy of
taxes by officers of school districts, *held* not unconstitutional as depriv-
ing property owners of their property without due process by law.
    [Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 893–
896; Dec. Dig. ☞284.]

In Equity.   Suit by Harry Susman against the Board of Public
Education of the City of Pittsburgh.   Decree for defendant.

Andrew G. Smith and William H. Dodds, both of Pittsburgh, Pa.,
and J. Norman Martin, of New Castle, Pa., for plaintiff.

J. Rodgers McCreery, of Pittsburgh, Pa., for defendant.

ORR, District Judge.   This suit is before the court upon bill and
answer.   The bill sets forth that the plaintiff is a citizen of the state
of Virginia; that he is the owner of certain real estate in the city of
Pittsburgh, which is subject to and liable to taxation for municipal and
local purposes, including the maintenance of public schools; that the
defendant is an organized board or body of persons appointed by the
judges of the court of common pleas of Allegheny county, Pa., and
authorized by an act of Assembly to represent the school district of
Pittsburgh in its corporate capacity, which said school district was
constituted a municipal corporation by an act of the General Assembly
of the state of Pennsylvania, approved the 18th day of May, 1911
(P. L. 309); that by said act of Assembly, among the powers con-
ferred upon the defendant, was a power of taxation, and of creating
indebtedness by virtue of which the real estate of the plaintiff and
others may be charged with the payment of certain sums of money;
that the defendant, pretending to exercise the discretion of ascertain-
ing the amount of funds required for the maintenance of schools, has,
within the limitations provided by the said act of Assembly,
undertaken to levy, assess, and direct the collection of taxes
as they see proper, and to borrow money upon the credit of such
taxing power, without a vote of the people; that the said tax is not in
the nature of a special assessment wherefrom the plaintiff and others
would have a right to appeal, or wherein they would have their day
in court, but is a general tax, unconditional and absolute in its na-
ture, in default of payment of which property may be seized in ex-
ecution and the plaintiff and other taxables may be liable to impris-
onment; that defendant is without right or authority to levy a school
tax for the reason that the said act of Assembly is unconstitutional,
in offending against the Constitution of the United States, section 4
of article 4, which guarantees to every state a republican form of
government, and in further offending against the fourteenth amend-
ment of the Constitution of the United States, in that said law abridges
the privileges and immunities of citizens of the United States, and
may have the effect of depriving the plaintiff and other taxpayers
of property and liberty, without due process of law.

The bill prays for an injunction to restrain the defendant from levy-
ing a school tax and for general relief.

The answer does not deny any of the material averments of the bill, which, however, are admitted by agreement filed. It does contain the averment, however, that in a certain proceeding instituted by one Jacob Minsinger, a taxpayer and resident of the city of Pittsburgh, in the court of common pleas No. 3 of Allegheny county, at No. 222 August term, 1911, and certain proceedings had in the Supreme Court of the state of Pennsylvania, upon appeal of said proceedings, as the same are reported in Minsinger v. Rau, 236 Pa. 327, 84 Atl. 902, Ann. Cas. 1913E, 1324, the same questions were raised as in the present bill and by said Supreme Court decided.

By reference to that case it is found that the Supreme Court had before it the questions as to whether the School Code was in violation of any provision of the Constitution of Pennsylvania, and the special constitutional questions raised in this case. The Supreme Court of Pennsylvania decided all the questions against the contention of the plaintiff in the bill. The decision of that court that the act of Assembly does not violate the terms of the Constitution of Pennsylvania should be accepted by this court as conclusive upon that particular question. It is, of course, not conclusive upon this court upon the questions whether the Code is in contravention of the Constitution of the United States.

[1] As to the alleged violation of article 4, § 4, of the Constitution, little need be said. As to whether the state of Pennsylvania has been guaranteed a republican form of government by the United States is a question which is not difficult of decision. That the state has a republican form of government is a matter of such common knowledge that this court is affected thereby. Moreover, whether a republican form of government has been guaranteed to any particular state is a matter for Congress only to decide. Luther v. Borden, 7 How. 1, 12 L. Ed. 581. Further, there does not seem to be any case which is authority for the proposition that an act of the Legislature of the state, with a republican form of government and so recognized by Congress, can be held invalid under the provisions of article 4, § 4, of the Constitution.

[2] With respect to the contention that the levy of the tax by the defendant, and the consequences thereof, are without due process of law and deprive the plaintiff and other taxpayers of the equal protection of the law, some observations should be made. Section 524 of the act provides:

"The total annual school tax levy, made in any one year by any school district, * * * shall not be less than five nor more than six mills on the dollar of the total assessment of all property assessed and certified for taxation therein."

After quoting that section, the opinion of the Supreme Court of Pennsylvania proceeds to state: ·

"Practically the Legislature itself has fixed the tax levy at a maximum of six mills, and simply leaves to its agents the privilege of collecting not less than five mills in any one year. This cannot properly be objected to as unrepublican or as an unlawful delegation of legislative power to an unrepresentative body."

Briefly, plaintiff's contention with respect to this branch of the case is that the School Code makes no provision for appeal or .contest by the taxpayer, and therefore deprives him of a constitutional right. But section 531 of the Code makes the levy "subject to like provisions and restrictions, as exist and shall exist in the cases of all other taxes assessed in this commonwealth." In view of this provision, the general procedure in the matter of taxation should be considered. It will be noticed that the amount to be paid by the taxable is based upon the assessment of property. Property owners receive notice of the assessment of their property for taxation. Either actual notice is given them, or constructive notice is given by legislative action fixing the time at which the assessment is to be made. The property owner having been notified, he may be heard upon the propriety of the assessment and may appeal therefrom to the courts. Again, proceedings to recover unpaid taxes are not instituted until after public notice by advertisement is given, and until after a claim therefor is filed in the prothonotary's office of the proper county. Upon said claim in said office a writ of scire facias issues, to which, after service thereof by the sheriff, an affidavit of defense may be filed.

There is another remedy which the taxpayer may have in Pennsylvania, and that is by a bill in equity to restrain the collection of taxes illegally assessed against his property, for Pennsylvania has not yet applied to its citizens the strict rule of the United States that taxes must be paid in the first instance, after which, under certain conditions, suits may be instituted to recover the same.

Without further elaboration, it is sufficient to state that this court finds nothing which would justify the plaintiff in believing that any of his constitutional rights have been invaded.

The bill must be dismissed.