## EAST OHIO GAS CO. v. CITY OF CLEVELAND.*
### No. 7799.

Circuit Court of Appeals, Sixth Circuit.

Feb. 15, 1938.

*Writ of certiorari denied 58 S.Ct. 761, 82 L.Ed. ——.

Wm. B. Cockley, of Cleveland, Ohio (Walter J. Milde, Arthur L. Dougan, and Tolles, Hogsett & Ginn, all of Cleveland, Ohio, on the brief), for appellant.

Henry S. Brainard and Spencer W. Reeder, both of Cleveland, Ohio (Alfred Clum, of Cleveland, Ohio, on the brief), for appellee.

Before MOORMAN and HICKS, Circuit Judges, and SWINFORD, District Judge.

MOORMAN, Circuit Judge.

This proceeding involves the construction and application of a statute of the United States, 28 U.S.C.A. § 41(1), known as the Johnson Act, Act May 14, 1934, § 1, 48 Stat. 775. Suit was brought by The East Ohio Gas Company, to enjoin the City of Cleveland, a municipal corporation, from enforcing an ordinance fixing a rate for the sale by the gas company of gas in the city at not exceeding 57 cents per M. c. f. After making findings of fact and law, on the conclusion of the hearing of the evidence the court dismissed the original and supplemental bills on the ground that it had no authority or jurisdiction to entertain the action.

The statute, supra, declares that "no district court shall have jurisdiction of any suit to enjoin, suspend, or· restrain the enforcement, operation, or execution of any order of an administrative board or commission of a State, or any rate-making body of any political subdivision thereof, or to enjoin, suspend, or restrain any action in compliance with any such order, where jurisdiction is based solely upon the ground of diversity of citizenship, or the repugnance of such order to the Constitution of the United States, where such order (1) affects rates chargeable by a public utility, (2) does not interfere with interstate commerce, and (3) has been made after reasonable notice and hearing, and where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State." The court found that the rates complained of were made by the council of the City of Cleveland, a political subdivision of the state, that they did not interfere with interstate commerce, that they were made after reasonable notice and hearing to the appellant, and that it had a plain, speedy, and efficient remedy at law or in equity in the courts of the state. The appellant contends that the statute denies jurisdiction to a federal district court only where there is involved a rate order of an administrative board or commission. We· cannot sustain that contention. The statute denies jurisdiction of any order of any rate-making body of a political subdivision of the state. It makes no distinction between an order made by an administrative board or commission and that of any other rate-making body of a political subdivision of the state. The legislative history of the act shows that the words "any rate-making body of any political subdivision" of the state were incorporated into the act by amendment and were designed to make ordinances such as the one here in question effective. The plain language of the words excludes the jurisdiction of federal district courts over such rates where the utility has had a reasonable notice and hearing and has a plain, speedy, and efficient remedy at law or equity in the courts of the state. Appellant also contends that, since the Supreme Court has held that notice and hearing are not essential to the enactment of a valid legislative ordinance but are essential to administrative action (cf. Chicago, Burlington & Quincy R. Co. v. Nebraska, 170 U.S. 57, 18 S.Ct. 513, 42 L.Ed. 948; Interstate Commerce Commission v. Louisville & Nashville R. Co., 227 U.S. 88, 33 S.Ct. 185, 57 L.Ed. 431; and Ohio Bell Telephone Co. v. Public Utilities Commission of Ohio, 301 U.S. 292, 57 S.Ct. 724, 81 L.Ed. 1093), the insertion into the statute of a requirement that such notice and opportunity for hearing be given in-- dicates a congressional purpose to exclude from the jurisdiction administrative orders only and leave those legislatively issued

open to attack. We think, as indicated, that the plain words of the statute forbid the jurisdiction. Whether the giving of notice and an opportunity for hearing was or was not essential to the validity of the order is immaterial, for adequate notice and hearing were given, as found by the court. We agree with that finding. The court further found that the appellant had a plain, speedy, and efficient remedy in equity in the state courts, and with that finding we also agree. Having such a remedy, a federal district court has no authority or power to review the order.

The decree is affirmed.