**PHIPPS et al. v. SCHOOL DIST. OF PITTSBURGH et al.**

No. 7043.

Circuit Court of Appeals, Third Circuit.

April 4, 1940.

394

W. Denning Stewart, Mahlon E. Lewis, Harold R. Schmidt, and Stewart & Lewis, all of Pittsburgh, Pa., for appellants.

N. R. Criss, of Pittsburgh, Pa., for appellee School Dist.

John G. Buchanan, David B. Buerger, and Smith, Buchanan & Ingersoll, all of Pittsburgh, Pa., for other appellees.

Before BIDDLE, JONES, and BUFFINGTON, Circuit Judges.

JONES, Circuit Judge.

This appeal calls in question the action of the district court in declining to take jurisdiction of the plaintiffs' suit which sought to enjoin the School District of Pittsburgh and its representatives from levying and collecting certain taxes for specified years.

The plaintiffs, as the bill avers, are citizens and residents of the State of New York and, as trustees, hold the legal title to real estate located in the School District of Pittsburgh. The statute creating the school district constitutes it a body corporate[1] whose legal status has been defined[2] as that of a quasi municipal corporation or a political subdivision of the state for the purpose of administering the state's public school system within the district. The individual defendants, being the members of the Board of Public Education of the school district and its treasurer, are citizens and residents of Pennsylvania. Federal jurisdiction is invoked on the grounds of diversity of citizenship of the parties and the alleged violation and infringement by the defendants of rights guaranteed the plaintiffs by the due process clause of the Fourteenth Amendment to the Federal Constitution.

The bill of complaint assails the school district's tax levies for the years 1937, 1938 and 1939 on the ground of the alleged unconstitutionality of the statutes under which the taxes for those years were imposed by the Board of Public Education of the school district. As the bill specifically avers, the taxes for 1937 and 1938 were imposed by the school board "under the purported authority" of § 524 of the Act of May 18, 1911, P.L. 309, commonly known as the School Code, as amended by the Act of March 12, 1929, P.L. 20, § 1[3], "upon each dollar of the assessed value of the real estate of plaintiffs and other owners of real estate in the School District of Pittsburgh" and the taxes for 1939 were imposed "under the purported authority" of § 524 of the School Code as amended by the Act of December 1, 1938, Sp.Sess., P.L. 103[4], "on each dollar of the total assessments of all property assessed and certified for taxation

---

[1] Act of Pennsylvania Legislature of May 18, 1911, P.L. 309, 24 P.S. § 30.

[2] Smith v. School District of Philadelphia, 334 Pa. 197, 202, 5 A.2d 535; Wilson et ux. v. Philadelphia School District, 328 Pa. 225, 231, 195 A. 90, 113 A.L.R. 1401; Lyon v. Strock et ux., 274 Pa. 541, 118 A. 432; Pittsburg v. Sterrett Sub-district School, 204 Pa. 635, 645, 54 A. 463, 61 L.R.A. 183.

[3] 24 P.S. § 562.

[4] 24 P.S. § 562.

in said District, including the real property owned by the plaintiffs, as aforesaid;" etc.

The court below concluded that the plaintiffs' action was a suit to enjoin and restrain the levy and collection of taxes imposed by or pursuant to the laws of Pennsylvania and that a plain, speedy and efficient remedy may be had in equity in the courts of that state. Accordingly, the court dismissed the bill for want of jurisdiction because of the prohibition contained in § 24(1) of the Judicial Code as amended by the Act of August 21, 1937.[5] From the judgment of dismissal, the plaintiffs took the present appeal.

As the result of an attack made in the state courts in the fall of 1937 by taxpayers of the School District of Philadelphia,[6] the Supreme Court of the state declared the amendment of 1929 to § 524 of the School Code unconstitutional (Wilson et ux. v. Philadelphia School District, 328 Pa. 225, 195 A. 90, 113 A.L.R. 1401) but withheld injunctive relief from the complainants because of their laches and retained "the record and jurisdiction of the case for such further action as, on proper application, may be shown to be necessary". Thereupon, a suit on similar grounds was instituted by a taxpayer against the School District of Pittsburgh (Brooks v. School District of Pittsburgh, not reported) which terminated in a like ruling and decree by the State Supreme Court.

Following these decisions, the state legislature, in special session, enacted the statute of September 16, 1938, P.L. 36,[7] purporting to validate and confirm all taxes theretofore levied and assessed by the board of public education in any school district of the first class.[8] The legislature also enacted the further amendment of § 524 of the School Code (being the Act of December 1, 1938, supra), endeavoring to avoid the defect for which the amendment of 1929 had been held unconstitutional.

It was subsequent to the passage of these two acts that the appellants filed their suit in the court below.

The appellants argue that, since the Supreme Court of the state held the amendment of 1929 unconstitutional, there never was a law of the state by or pursuant to which the taxes for 1937 and 1938 could have been imposed and that since the state court upon declaring the act of 1929 unconstitutional withheld injunctive relief from the complainants in the Wilson and Brooks cases, supra, because of their laches, the remedy in equity open to the present appellants in the state courts would be inefficient. Neither of these contentions can be sustained.

■ Accepting the unconstitutionality of the Act of 1929, as determined by the Supreme Court of the state, it was none the less the statute under which the school district acted when it levied its taxes for the years 1937 and 1938. While the levy for the latter year was made by express leave of the Pennsylvania Supreme Court, the act of 1929 was the statutory authority which the Board of Education exercised in making the levy, and the bill of complaint so avers. The determination of unconstitutionality did not make of the act a blank page in retrospect, as the appellants urge. Under it, actions had been taken by the school district, as the bill discloses, which were operative facts that must be recognized, at least, so far as the question whether the board acted by or pursuant to a law of the state is concerned. In Chicot County Drainage District v. Baxter State Bank et al., 308 U.S. 371, 60 S.Ct. 317, 318, 84 L.Ed. ——, the Supreme Court recently pointed out that earlier broad statements as to the completely nullifying effect of a determination of unconstitutionality must be taken with qualifications. Speaking for the court in that case, Mr. Chief Justice Hughes said: "The courts below have proceeded

[5] The Act of Congress of August 21, 1937, amending § 24 (1) of the Judicial Code, c. 726, § 1, 50 Stat. 738, 28 U.S. C. § 41 (1), 28 U.S.C.A. § 41 (1), provides that, " * * * no district court shall have jurisdiction of any suit to enjoin, suspend, or restrain the assessment, levy, or collection of any tax imposed by or pursuant to the laws of any State where a plain, speedy, and efficient remedy may be had at law or in equity in the courts of such State".

[6] Under the School Code, the School District of Philadelphia and School District of Pittsburgh comprise the first class school districts of the state and both operate under the same statutory authority. See Act of May 18, 1911, P.L. 309, 24 P.S. p. 3 et seq., § 1 et seq.

[7] 24 P.S. § 562 note.

[8] By Act of June 20, 1939, P.L. 478, 24 P.S. § 578, the legislature of Pennsylvania, in general session, again acted to validate and confirm all taxes for public school purposes theretofore levied or assessed by or through the instrumentality of the board of public education in any school district of the first class.

on the theory that the Act of Congress, having been found to be unconstitutional, was not a law; that it was inoperative, conferring no rights and imposing no duties, and hence affording no basis for the challenged decree. Norton v. Shelby County, 118 U.S. 425, 442, 6 S.Ct. 1121, 1125, 30 L.Ed. 178; Chicago, Indianapolis & Louisville R. Co. v. Hackett, 228 U.S. 559, 566, 33 S.Ct. 581, 584, 57 L.Ed. 966. It is quite clear, however, that such broad statements as to the effect of a determination of unconstitutionality must be taken with qualifications. The actual existence of a statute, prior to such a determination, is an operative fact and may have consequences which cannot justly be ignored. The past cannot always be erased by a new judicial declaration. The effect of the subsequent ruling as to invalidity may have to be considered in various aspects,—with respect to particular relations, individual and corporate, and particular conduct, private and official. Questions of rights claimed to have become vested, of status, of prior determinations deemed to have finality and acted upon accordingly, of public policy in the light of the nature both of the statute and of its previous application, demand examination."

From the standpoint of federal jurisdiction as restricted by the amendment to the Judicial Code, the determination of the unconstitutionality of the state statute of 1929 serves the appellants no better than would their own unsupported allegation to like effect.

Furthermore, the Act of September 16, 1938, P.L. 36, purports to validate and confirm all prior tax levies by school districts of the first class. Undeniably, among the then prior levies were those of the School District of Pittsburgh for the years 1937 and 1938. Whether this statute legally effected its intended purpose, it is unnecessary for us to decide. It is nevertheless a law of Pennsylvania and, as such, material to the question of the school district's action. There is ample authority in Pennsylvania supporting the proposition that the legislature can by a retroactive law cure an illegality or even want of authority in the levy of a tax where the legislature had the power antecedently to authorize the tax.[9]

The existence of a like power in Congress has been confirmed by the Supreme Court.[10]

The appellants argue that the validating act may not be presently considered and that at most it is a matter for affirmative defense. We think not. Of course, upon trial, the act would be material and, if found valid, would bar the relief which the plaintiffs seek. But, the present importance of the act is its status as a law of the state. It is pleaded by the bill and, even if that were not the case, it constitutes a part of the state's statute law bearing upon the validity of the levies which the appellants attack. It has direct relation to the school board's earlier levies under the act of 1929 and, together, the two statutes constitute laws of Pennsylvania by or pursuant to which the taxes for 1937 and 1938 were imposed. The appellants seek to avoid the status of the validating act as a law of the state, with an allegation of its unconstitutionality; and, likewise, they would dispense with the Act of December 1, 1938, under which the tax levy for 1939 was made.

Allegations of unconstitutionality are not sufficient to justify jurisdiction on the premise that a law is in reality not a law because of its alleged unconstitutionality. Dodge v. Osborn, 240 U.S. 118, 121, 36 S.Ct. 275, 276, 60 L.Ed. 557. In the latter case, Mr. Chief Justice White said that it was a doctrine repeatedly applied and no longer open to question "that a suit may not be brought to enjoin the assessment or collection of a tax because of the alleged unconstitutionality of the statute imposing it". That case was concerned with the inhibition on jurisdiction contained in Revised Statutes, § 3224, 26 U.S.C.A.Int.Rev.Code § 3653, but the principle announced by the court is equally pertinent here. If the rule were otherwise, it would indeed be difficult to imagine a case where the restriction upon the jurisdiction of district courts as contained in the amendment of August 21, 1937, to the Judicial Code would be applicable. Alleged unconstitutionality is a usual weapon of attack upon a state tax statute.

It is our opinion that the instant case constitutes a suit to enjoin the levy

[9] City of Chester v. Black, 132 Pa. 568, 571, 19 A. 276, 6 L.R.A. 802; City of Erie v. Reed, 113 Pa. 468, 477, 6 A. 679; Hewitt's Appeal, 88 Pa. 55, 60; Grim v. Weissenberg, 57 Pa. 433, 437,

98 Am.Dec. 237; and Allegheny v. Stewart, 43 Pa.Super. 534, 539.

[10] United States v. Heinszen & Co., 206 U.S. 370, 27 S.Ct. 742, 51 L.Ed. 1098, 11 Ann.Cas. 688.

and collection of taxes imposed by or pursuant to the laws of Pennsylvania within the meaning of the Act of Congress of August 21, 1937. Accordingly, the district court was without jurisdiction unless a plain, speedy and efficient remedy may not be had at law or in equity in the courts of the state. This brings us to the second question raised upon the present appeal.

 While it is clear that the appellants are without a remedy at law in the state courts,[11] it is equally clear that equity has jurisdiction in Pennsylvania to enjoin the collection of taxes which have been levied or assessed without authority of law. That jurisdiction has been invoked by taxpayers and exercised by the courts of the state many times. Turco Paint & Varnish Co. v. Kalodner, et al., 320 Pa. 421, 184 A. 37; Kelley et al. v. Kalodner et al., 320 Pa. 180, 181 A. 598; Dougherty, Trustee, v. Philadelphia et al., 314 Pa. 298, 301, 171 A. 583; Susman v. Board of Public Education, D.C., 228 F. 217, 220, appeal dismissed 245 U.S. 636, 38 S.Ct. 190, 62 L.Ed. 524; Provident Life & Trust Co. v. Durham, 212 Pa. 68, 61 A. 636; St. Mary's Gas Co. v. Elk County et al., 168 Pa. 401, 31 A. 1077; Robert Arthur School District et al., v. Polk Borough School District et al., 164 Pa. 410, 30 A. 299; Appeal of Conners et al., 103 Pa. 356; St. Clair School Board's Appeal, 74 Pa. 252; Miller et al. v. Gorman & Preston, 38 Pa. 309; and Commonwealth ex rel. Rawle et al. v. Supervisors, 29 Pa. 121. In Turco Paint & Varnish Co. v. Kalodner et al., supra [320 Pa. 421, 184 A. 39], the Supreme Court of the state took original jurisdiction of a bill to restrain the operation of the state's "Corporate Net Income Tax Act", 72 P.S.Pa. § 3420a et seq., and disposed of the matter on its merits. And likewise, in Kelley et al. v. Kalodner, et al., supra, the Supreme Court of the state again took original jurisdiction of a taxpayer's bill in equity to restrain by injunction the enforcement of the state's graduated income tax act of July 12, 1935, P.L. 970, 72 P.S.Pa. § 3402—1 et seq., and disposed of that matter by declaring the statute unconstitutional and, therefore, unenforceable. Manifestly, in the Wilson and Brooks cases, supra, it was the equity jurisdiction of the state courts which the taxpayers there invoked and, in each instance, the case was carried to a conclusion on its merits. The jurisdiction of the Pennsylvania courts in equity to restrain the collection of an invalid tax is well established.

But, the appellants contend that the remedy in equity available to them in the state courts is not "plain, speedy, and efficient", assigning as the reason for their contention that the State Supreme Court, while declaring the act of 1929 unconstitutional in the Wilson and Brooks cases, supra, withheld injunctive relief from the complainants. That was done, however, not because the court was without power to issue an injunction, but because the complainants, by having permitted the school district's taxing power to go unquestioned for years,[12] during which time large sums of money had been collected and expended from tax levies under the challenged statute for the maintenance and operation of the public school system of the district, had thereby waived their right to summary relief by way of an injunction. As the court pointed out, to grant the complainants injunctive relief would, of itself, be inequitable. It would favor the delinquents to the detriment of those who had paid timely for there are no legal means for the recovery of taxes already paid. See Wilson et ux. v. Philadelphia School District et al., supra, and cases cited ante.

 The efficiency of the remedy is not to be measured by the limitations upon the relief allowable to a particular complainant who has been guilty of laches. The requirement of the amendment to the Judicial Code of August 21, 1937, relates to the remedy generally in the state courts; and, the test of the efficiency of the remedy

---

11 See Union Insurance Co. v. City of Allegheny, 101 Pa. 250, 255, 257; and Peebles et ux. v. City of Pittsburgh, 101 Pa. 304, 309, 47 Am.Rep. 714. These cases were actions of assumpsit for the recovery of tax payments where, as alleged, the taxes had been illegally assessed and collected and where the taxpayer in each instance had paid under protest. Recovery was denied, there being no statute conferring such right. Cf. Philadelphia & Reading Coal & Iron Co. v. Tamaqua Borough School Dist., 304 Pa. 489, 494, 156 A. 75, 76 A.L.R. 1007, where a statute permitted recovery.

12 The amendment of 1921 under which the boards operated without question from anyone prior to the amendment of 1929 was similar to the latter amendment so far as an unconstitutional delegation of the power to tax is concerned. See Wilson et ux. v. Philadelphia School District et al., supra.

in equity is whether the state court's jurisdiction is competent for a hearing of the complaint on its merits and the final disposition of the matter by the entry of a decree adequate to the rights of the parties, with power in the court to protect its jurisdiction and to enforce its decrees by writs of injunction or other process. Such is the extent of the remedy in equity in Pennsylvania with respect to the restraint of the collection of taxes illegally levied or assessed. See Kelley et al. v. Kalodner et al., supra. And, in aid of its jurisdiction, the court may issue a preliminary injunction to restrain the collection of an allegedly illegal tax pending final disposition of the case. Lehigh Coal & Navigation Co. v. Miller, 155 Pa. 542, 26 A. 660; Black v. Boyd, 155 Pa. 163, 26 A. 5; and Bennett v. Hunt, 148 Pa. 257, 23 A. 1121; Pennsylvania Equity Rule 48.

In the Wilson and Brooks cases, supra, the lower court in each instance granted an injunction precisely as prayed for by the appellants. This, the State Supreme Court did not hold was error as being in excess of equity's power but, influenced by the respective equities in those cases, the appellate court modified the injunctions. The remedy in equity was thereby no less efficient, as a remedy, for the complete and final adjudication of the matter in the courts of the state. The court expressly recognized in the Wilson case, supra, that, had the plaintiffs acted timely, there would have been no occasion to modify the injunction which the lower court had granted. We think it is beyond question that the appellants have the opportunity to litigate their complaint in equity in the courts of the state and to obtain complete injunctive relief, interlocutory as well as final, if they are able to show equities entitling them to such relief.

In Guerra v. City of Philadelphia, 30 F. Supp. 791, which was a suit in equity in the District Court for the Eastern District of Pennsylvania to enjoin the enforcement of an ordinance of the City of Philadelphia imposing an income tax, a statutory court held that a plain, speedy and efficient remedy in equity could be had by the complainant in the courts of Pennsylvania and therefore dismissed the bill of complaint for want of jurisdiction in obedience to the Judicial Code as amended by the Act of August 21, 1937.

The cases cited by the appellants give no support to the contention that the court below should have taken jurisdiction in the present case. In City of Springfield v. United States, 1 Cir., 99 F.2d 860, 862, the validity in general of the state tax there involved was not in question but merely the effect of the tax on property of the federal government as to which an absolute exemption from local taxation was asserted. Consideration of the government's claim was without relation to or effect upon the legality of the tax as to all other taxpayers. The case did not constitute the character of assault upon local taxes which the amendment of August 21, 1937, was intended to prevent a district court from entertaining. Moreover, it was uncertain whether a suit in equity or an action at law by the United States would be entertained in the Massachusetts courts under the local statute which had not been construed by the state courts. And, as further pointed out in that case, an action at law was clearly not available to the government "since the United States cannot constitutionally appropriate money from the federal treasury in order to pay a tax before suing for refund". Again, in Board of Directors of St. Francis Levee District v. Kurn, 8 Cir., 98 F.2d 394, 397, where the district court took jurisdiction of a suit to enjoin the collection by the levee district of taxes levied against the property of a railroad in reorganization under Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, it was held that no adequate remedy existed in the state courts as they were "without power to enforce liens upon the property within the Bankruptcy Court's exclusive jurisdiction". The suit did not challenge the tax but was intended to prevent the levee district from pursuing collection of the tax in the state courts, with possible foreclosure proceedings against the railroad, and to induce the district to bring its claim for tax into the bankruptcy court whose jurisdiction over the railroad's property had already attached. Neither of these cases takes away in any degree from the intent or scope of the inhibition upon federal court jurisdiction contained in the amendment of August 21, 1937.

While the District Court for the Southern District of California, Central Division, in Printers & Publishers Corp., Ltd., v. Corbett, 25 F.Supp. 369, took jurisdiction of a suit to enjoin the collection of taxes levied by the California Retail Sales Act of 1933, holding that the remedy at law provided by the Tax Act (relief by in-

junctive process was expressly prohibited) was inadequate for the needs of the complainant in that case, the force of that decision was greatly weakened, to say the least, by the contemporaneous decision of the District Court for the Northern District of California in Nevada-California Electric Corp. v. Corbett, 22 F.Supp. 951, where a statutory court dismissed, for want of jurisdiction, a suit to enjoin the collection of taxes levied under the California Use Tax Act of 1935, because the similar remedy at law provided by that act was plain, speedy and efficient. At best, these respective district courts are in conflict as to the adequacy of the remedy at law provided by the particular California tax statutes.

Because of the similarity between the amendment to the Judicial Code of May 14, 1934, commonly known as the Johnson Act, and the amendment of August 21, 1937, with respect to the prerequisite to their application that a plain, speedy and efficient remedy may be had at law or in equity in the state courts, appellants cite several cases where, despite the Johnson Act, the jurisdiction of federal courts to enjoin enforcement of orders of state rate-making bodies was sustained. But, in each instance, the want of an adequate remedy in the state courts is apparent. In Mountain States Power Co. v. Public Service Comm. of Montana et al., 299 U.S. 167, 57 S.Ct. 168, 169, 81 L.Ed. 99, where the Montana statute (Sec. 3906, Rev.Codes of Montana 1921) permitted one aggrieved by an order of the commission to institute suit in the district court of the state but prohibited the issuance of an injunction, the Supreme Court held that the existence of the remedy in the state courts required for the ouster of federal jurisdiction was problematical because the state statute which definitely denied a plain, speedy and efficient remedy in the state courts "has not been authoritatively condemned". Again, in Corporation Commission of Oklahoma, et al., v. Cary, Trustee, 296 U.S. 452, 56 S. Ct. 300, 301, 80 L.Ed. 324, the district court took jurisdiction of a suit to enjoin an order of the commission and the Supreme Court affirmed because the reviewing power of the state court conferred by the Oklahoma State Constitution was legislative in character; and, whether an opportunity for judicial review of an order of the commission in the state courts could be had was uncertain because of the "diametrical-

ly opposed decisions" of the state courts. And, in Driscoll et al. v. Edison Light & Power Co., 307 U.S. 104, 59 S.Ct. 715, 717, 83 L.Ed. 1134, the jurisdiction of the district court was not challenged either below or on appeal to the Supreme Court. In answer to questions from the bench during the oral argument in the latter court, "counsel for the commission conceded that there was no remedy in the state courts which would satisfy the Johnson Act". The Pennsylvania Public Utility Law (66 P.S.Pa. § 1111) forbade an injunction against an order of the commission "except in a proceeding questioning the jurisdiction of the commission". Whether the attack upon the temporary rates promulgated by the commission went to the jurisdiction of the commission, wherefore an injunction might be issued in the state courts, was not decided, the Supreme Court saying that "At any rate, without an authoritative determination by the state courts, we cannot say, for this character of proceeding, that the remedy in the state courts is plain, speedy and efficient". In marked contrast, however, it has been authoritatively determined by the state courts that equity has jurisdiction in Pennsylvania to enjoin the levy and collection of an illegal tax.

■ The purpose of the amendment of August 21, 1937, and of the Johnson Act, was to prevent federal court interference with the fiscal affairs of a state in the one instance and the exercise by a state of its regulatory power over public service companies in the other where complaint against state action in either regard could be litigated in the courts of the state. And, the cases where district courts have declined to take jurisdiction either because of the amendment of August 21, 1937 or the Johnson Act plainly indicate that these provisions of the Judicial Code are to be faithfully observed in effectuation of their intended purpose and that jurisdiction of suits of the character specified in the amendment of August 21, 1937, or in the Johnson Act may be taken by district courts only where it is evident that a plain, speedy and efficient remedy may not be had in the state courts. See Kohn v. Central Distributing Co., 306 U.S. 531, 59 S.Ct. 689, 83 L.Ed. 965; Baker v. Atchison, T. & S. F. R. Co., 10 Cir., 106 F.2d 525; Sears, Roebuck & Co. v. Roddewig, D.C., 24 F. Supp. 321; Nevada-California Electric Corp. v. Corbett, supra; Guerra v. City of Philadelphia, supra, all involving the

400

amendment of August 21, 1937; and New Jersey Suburban Water Co. v. Board of Public Utility Commissioners, D.C., 23 F. Supp. 752; East Ohio Gas Co. v. City of Cleveland, D.C., 23 F.Supp. 965, affirmed, 6 Cir., 94 F.2d 443, certiorari denied 303 U.S. 657, 58 S.Ct. 761, 82 L.Ed. 1116; and Mississippi Power & Light Co. v. City of Jackson, D.C., 9 F.Supp. 564, involving the Johnson Act.

So far as the rights of the complainants under the law of the state are concerned, their complaint can be fully and completely litigated in the courts of the state; and if the tax levies which they challenge constitute a deprivation of their property without due process of law, their federal rights in such regard can likewise be fully protected in a suit in the state courts. State courts are charged no less than are the federal courts with the responsibility of protecting and enforcing the rights of litigants under the Constitution and laws of the United States in matters coming before them. United States v. Bank of New York & Trust Co., 296 U.S. 463, 479, 56 S.Ct. 343, 80 L.Ed. 331; Missouri Pacific Railroad Co. v. Fitzgerald, 160 U.S. 556, 583, 16 S.Ct. 389, 40 L.Ed. 536; and Robb v. Connolly, 111 U.S. 624, 637, 4 S.Ct. 544, 28 L.Ed. 542.

The present case falls peculiarly within the inhibition contained in the Judicial Code as amended by the Act of August 21, 1937, and the court below therefore properly dismissed the bill of complaint for want of jurisdiction.

The judgment of the District Court is affirmed.